## ROBERTS *v.* STARK.

If selectmen, on a proper application, refuse to cause the gates on a highway laid out for the accommodation of individuals, to be removed, the petitioner may apply to court and have his petition referred to the road commissioners, as in the case of other petitions respecting highways.

If, on the petition for a highway, the town object before the commissioners that legal notice of the hearing has not been given, but at the same time resist the application on other grounds, the objection for insufficiency of notice will be regarded as waived.

THIS was the report of the county commissioners laying out a highway in the town of Stark. It appeared that the same highway was originally laid out by the selectmen for the accommodation of the petitioners subject to the maintenance of gates or bars; that afterwards a petition was presented to the selectmen requesting them to cause the gates and bars to be removed, and to lay out the road as an open and

free highway. This petition was afterwards presented, alleging that the selectmen had neglected to grant their petition, and requesting the court to cause the bars, &c., to be removed, &c. The petition was referred to the commissioners, and the town made the following objections to the acceptance of their report:

1. That the commissioners had no jurisdiction in the premises, or no power to lay out the road, the jurisdiction in the matter being conferred by law on the selectmen of the town.

2. That no legal notice had been given to the town by the commissioners of their hearing.

A true and attested copy of the petition, order of court, and order of the commissioners, stating the time and place of hearing, was given to the town clerk, and a like copy to one of the selectmen, and this was according to the order of notice made by the commissioners. The counsel for the town filed with the commissioners at the hearing the aforesaid special objections, together with other reasons, all of which were received and considered by the commissioners.

*Burns & Fletcher*, for the petitioners.

*Benton & Ray*, for the town.

PERLEY, C. J. Ways laid out for the accommodation of individuals on their petition, though originally laid out at their expense, are public highways, and like other highways are maintained by the public; and the same formalities are required in laying them out as in the case of other public highways. *Metcalf* v. *Bingham*, 3 N. H. 459; *Clark* v. *B. C. & M. R. R.*, 24 N. H. 114.

There does not appear to have been any statute giving express authority to lay out a highway subject to the maintenance of gates or bars till that of 1850, under which the proceedings in this case have been instituted. There can be no doubt that previous to this statute the petitioners for a private way, if the selectmen refused to lay it out, had the same remedy by application to the court as the law provided in the case of other highways, and that the land-owner had the same right of appeal from the award of damages made by the selectmen.

The statute of 1850 authorizes the selectmen to lay out a highway for the accommodation of individuals "subject to the erection and maintenance of such gates across the same as they may judge expedient and necessary;" and that statute in another section authorizes the selectmen "to cause such gates to be taken away and to lay out such roads as open and free highways as in other cases." The statute does not in terms give the petitioner for a private way, who applies under the statute, nor a petitioner for the removal of gates, the right of applying to the court, if his petition is rejected by the selectmen; nor the land-owner the right to appeal from the award of damages made by the selectmen. That statute is entitled "An act in amendment of chapter 49 of the Revised Statutes;" the chapter which provides for the laying out of highways by selectmen. Unless the statute of 1850 is subject to the provisions of

the prior laws which give the petitioner, whose petition has been rejected by the selectmen, the right of applying to the court, and the landowner the right to appeal from the award of damages made by the selectmen, both the land-owner and the petitioner will be concluded by the decision of the selectmen. If in the present case the selectmen had laid out the road and awarded damages, there is no provision in the act of 1850 for an appeal from their award. The petitioner and the land-owner stand in this respect on the same footing; the statute of 1850 gives neither of them the right to appeal from the decision of the selectmen, unless by implied reference to the then existing provisions of the law on that subject.

It would be in direct conflict with the whole policy of the law on this subject to make the decision of the selectmen final against any party but the town for which they act; and we think this new provision introduced into the system by way of amendment, was intended to be referred, so far as the mode of proceeding and the remedy for the ultimate rights of the parties are concerned, to the laws then existing on the subject of highways; that the land-owner, whose interests are involved in the removal of gates, and the petitioner, whose petition is rejected by selectmen, have the same right of appeal as in other cases of applications to selectmen for the laying out of highways; that the exercise of the new power given to the selectmen by that statute was intended to be subject to the same revision as the exercise of like powers on the same subject under the provisions of former statutes. It is an old rule of interpretations that the provisions of a statute shall be extended to the cases provided by a subsequent statute, unless the provisions of the two statutes are conflicting; and the present is a case which calls clearly for the application of that rule. Com. Dig. Parliament R. 17. We are of opinion that the court and the commissioners had jurisdiction of this petition.

An objection to service or notice is waived when a party, by general appearance or otherwise, submits any other question, except the sufficiency of service or notice, to the court or other tribunal. He cannot take the chance of succeeding on any other objection to the case made against him, and at the same time reserve his exception to service or notice. *Briggs* v. *Humphrey*, 1 Allen 272; *Abbot* v. *Temple*, 25 Ill. 107; *Clark* v. *Blackwell*, 4 Greene (Iowa) 461; *New Albany R. R.* v. *Combs*, 13 Ind. 490; *Ulmer* v. *Hiatt*, 4 Greene (Iowa) 439.

It appears that the counsel for the town filed this exception to the notice, and also other distinct and separate objections to the prayer of the petition, with the commissioners at the hearing, and that the commissioners received and considered these several matters thus submitted by the town to defeat the petition. I do not see how there could be a more formal mode of submitting these several matters to the determination of the commissioners; and it is quite clear on the authorities that the objection to notice must be regarded as waived.

The notice given in this case was according to the order of the commissioners, and agrees with what is believed to have been a prevailing, if not the universal practice. The statute requires that notice of the

hearing should be given to the selectmen. The selectmen act on the subject of highways as an official board, and notice to one of them may well enough be treated as notice to the board. The notice in this case was given to the officers upon whom writs are served in suits against towns, and to whom notice is required to be given when claims are made by one town against another for the support of a pauper; and we do not intend it should be understood that the notice in this case is held to have been insufficient. That point we have not found it necessary to determine.

*Exceptions to the report overruled.*