CANDIA and HOOKSETT v. CHANDLER.

In a petition for the discontinuance of a highway that has not been constructed, the fact that a considerable portion of the wood and timber standing near it at the time of the laying out has been cut and carried away, is competent matter for the commissioners to consider as a cause for the discontinuance; and if their report shows with reasonable certainty that they have pursued the tenor of their commission, the court will not revise their conclusion.

In a hearing before the commissioners on such a petition, an objection to the notice to land-owners is waived by those making a general appearance; but if after the report is made, and before it is accepted, it appears that notice has not been given and damages assessed to land-owners, and that they have not waived them, the court may recommit the report.

When the commissioners resolve upon a discontinuance, they should assess the damages occasioned thereby to the owners of land adjoining the highway, and to those whose lands do not adjoin that have suffered a special and peculiar damage not common to the public, and they may consider the bearing of the damages on the question of discontinuance.

A town that is notified of the pendency of such a petition, and does not appear, is subject to the usual consequences of a default.

PETITION, for the discontinuance of the highway laid out in Candia, Hooksett, and Auburn, by the judgment in *Chandler* v. *Candia*, 54 N. H. 178. This petition having been referred to the county commissioners of Rockingham and Merrimack, they reported,—" We are of the opinion that a change of circumstances, affecting the expediency of laying out the aforesaid highway, has occurred since the same was laid out, to this extent, viz., that a considerable portion of the wood and timber, which appeared by the evidence to have been standing near the said highway when the same was laid out, has since that time been cut and carried away; and that by reason of such change of circumstances the aforesaid highway is no longer necessary, and, in our opinion, should be discontinued."

The defendants, being some of the persons on whose petition the highway had been laid out, moved to set aside the report,—1. Because it does not show the particular circumstances of the alleged changes, nor how they affect the case. 2. Because certain owners of land over which the highway was laid out, and certain owners of land adjoining the highway and in the immediate vicinity thereof, who are interested in the highway and would be damaged by its discontinuance, were not notified of the hearing before the commissioners. The building of the road has not been begun. The defendants appeared at the hearing before the commissioners, and were heard. 3. Because many persons would be damaged by the discontinuance, yet the commissioners

assessed no damages. 4. Because, although it was proved before the commissioners that certain owners of land over which the road was laid out, and certain owners of other adjoining land in the immediate vicinity, would be greatly damaged by the discontinuance, yet the commissioners, upon the question of discontinuance, did not consider the damage such owners would suffer from discontinuance, nor the liability of the towns for such damage. On the subject of damages, the report is silent. 5. Because the town of Auburn (through whose territory the road was laid out for a short distance), although notified, has not appeared, nor become a party in this proceeding, nor taken any action in relation to it.

*Hatch* and *Mugridge*, for the plaintiffs.

*Small* and *Cross & Burnham*, for the defendants.

BINGHAM, J. I. It is objected to the report, that it does not show the particular circumstances of the alleged changes, nor how they affect the case, as required by the eighty-seventh rule of court. If the report states, with reasonable certainty, the changes that have occurred, and their bearing upon the necessity for the highway, so that the court can see that the commissioners have pursued the tenor of their commission, it will not undertake to revise their conclusions. *Petition of Hopkinton*, 27 N. H. 140 ; *Hampstead's Petition*, 19 N. H. 343 ; *Marlborough's Petition*, 46 N. H. 494. The court can see that the changes stated in the report were proper matters to be considered by the commissioners, and that they may have obviated the necessity for the road. *Petition of Goffstown*, 43 N. H. 199. There is no occasion for revising the action of the commissioners in this respect.

II. The defendants appeared before the commissioners, and were heard. They did not then take this objection. If they had the right to take it then, they waived it by not objecting at the time. *Roberts* v. *Stark*, 47 N. H. 223 ; *Steele's Petition*, 44 N. H. 220.

III. It is said that many persons were damaged by the discontinuance, yet the commissioners assessed no damages. This objection cannot be taken by those who have no interest in it, nor by those as to whom the proceedings have been regular, nor by those who have waived the objection. As to all these, an acceptance of the report would be valid and conclusive. *State* v. *Richmond*, 26 N. H. 232, 244. It does not appear that either of the defendants had the right to make this objection, and it might be dismissed without further discussion ; but in cases where it is made to appear to the court, before the report of the commissioners is accepted, that notice has not been given and damages assessed according to law, the court may recommit the report for that purpose. *Pierce* v. *Somersworth*, 10 N. H. 369, 372 ; *Petition of Concord and Pembroke*, 50 N. H. 530. Gen. St., *c.* 65, *s.* 3, provide that county commissioners, if they report for the discontinuance of a highway, shall assess the damages occasioned

thereby to any person; and we think that under this statute the county commissioners should have assessed such damages as were occasioned to owners of land abutting on the highway by the discontinuance, and to those whose land did not abut thereon, who suffered a peculiar and special damage not common to the public.    *Petition of Concord and Pembroke*, before cited.

The effect of the statute is, to give to certain land-owners vested rights in the continuation of a highway that has been laid out, that cannot be taken from them by a discontinuance of it except upon the payment of such damages as are occasioned them thereby.    The statute makes it the duty of the commissioners to assess the damages in the case of a discontinuance, and they should proceed in substantially the same manner as when land is taken for the laying out of a highway.    *State* v. *Reed*, 38 N. H. 59; *State* v. *Dover*, 10 N. H. 394, 397.    The report is silent on the subject of damages.    It should state what the commissioners did as to notifying and hearing such land-owners as claimed or appeared to be damaged by the discontinuance, so that what was done would appear from the record.

IV. The commissioners should consider, upon the question of the discontinuance, the damages that would be done land-owners thereby; and as the report is to be recommitted, they should find and state specially whether the damages are such as to change their conclusion discontinuing the highway.

V. The town of Auburn were duly notified, but did not appear. They became defaulted, and the ordinary consequences of a default must follow.    *Manchester's Petition*, 28 N. H. 296; *Chandler* v. *Candia*, 54 N. H. 178.

*Case discharged.*

Doe, C. J., did not sit.