### White *v.* White.

*Objections to defects of service and entry of a libel for divorce are waived by a general appearance and a motion for a continuance.*

Libel for Divorce, commenced by writ of attachment and summons, in the ordinary form of such writs, commanding the defendant to be summoned to answer to the plaintiff " in a libel for divorce hereunto annexed." Then followed, as a declaration inserted in the writ, a libel for divorce in the ordinary form, containing a prayer for alimony, and signed by the plaintiff. The writ was dated June 18, 1880, and was served by an attachment and giving a copy to the defendant June 21, 1880. On the first day of the first term, the defendant entered a general appearance on the docket, and moved for a continuance. The motion was argued and denied. Afterwards, within the first four days of the term, the case was tried on its merits; and at the trial, the defendant moved to dismiss because the libel was not filed till the first day of the term, no order of notice was issued, and no legal service made. The court denied the motion, and the defendant excepted.

*Weeks* and *Gafney*, for the defendant. A plea in abatement, or motion to dismiss, is not excluded by the defendant's general appearance. *Colby* v. *Knapp*, 13 N. H. 175; *Jones* v. *Jones*, 18 Me. 308.

*Copeland & Edgerly*, for the plaintiff.

Stanley, J. An order of court authorizing the attachment was not necessary (Laws of 1879, c. 57, s. 28); and there is no occasion to inquire whether there were any defects of notice or entry. If objections to such defects were not waived by the defendant's general appearance ( *Colby* v. *Knapp*, 13 N. H. 175;

*Wright* v. *Boynton*, 37 N. H. 9, 19; *March* v. *Eastern R. R.*, 40 N. H. 548, 583), they were waived by his appearance and motion for a continuance. His motion to dismiss, although made within the first four days of the first term *(Seaver* v. *Allen*, 48 N. H. 473), was not seasonably made after his motion for a continuance was submitted. *Smith* v. *Whittier*, 9 N. H. 464; *Downer* v. *Shaw*, 22 N. H. 281; *State* v. *Richmond*, 26 N. H. 232, 242; *Gilmanton* v. *Ham*, 38 N. H. 108; *Robinson* v. *Potter*, 43 N. H. 191; *Peebles* v. *Rand*, 43 N. H. 342; *Candia* v. *Chandler*, 58 N. H. 127.

*Exceptions overruled.*

FOSTER, J., did not sit: the others concurred.