Rockingham, }
Dec. 4, 1923. }

### SARAH E. DOLBER v. ALBERT E. YOUNG.

A special appearance, accompanying a plea in abatement, for the purpose of
objecting to the jurisdiction, is waived by a subsequent plea of former action
pending and an answer to the merits, notwithstanding such plea and answer
contain the saving clause "without waiving his plea heretofore filed," &c.;
and an application for a commission to take depositions is also a waiver thereof.
A second suit for the same cause is not to be dismissed as vexatious when justice
requires otherwise.
The court takes judicial notice of any action taken in court by counsel in pend-
ing cases, and may rely upon the statements of counsel in respect thereto.
Non-resident parties and witnesses are exempt from service of process while
attending court or traveling thereto or therefrom.

COVENANT, for rent. Trial by jury and verdict for plaintiff.
Transferred by *Marble*, J., on defendant's exceptions to the denial
of his prayers to quash the plaintiff's writ, (1) in a plea to the juris-
diction for want of service, (2) in a plea of abatement because of a
pending prior action for the same cause, and to the finding of certain
facts.

A former suit had been brought by the plaintiff declaring upon
two counts, (1) covenant to pay rent and (2) case to recover dam-
ages occasioned to the rented premises by defendant's occupation.
A verdict was directed for the defendant on the first count on the
ground that the plaintiff's right of action had not accrued, to which
the plaintiff excepted. The court refused to direct a verdict for the
defendant on the second count and the defendant excepted. Trial
was had by jury, and verdict returned for plaintiff on April 20,
1922. Subsequent to the trial and verdict, but upon the same day,
the present writ, declaring in covenant in the language of the first
count in the first writ, was purchased and service made upon the
defendant. At the same time service was accepted by his attorney
by endorsement on the writ. On October 18, 1922, defendant filed
his special appearance and plea to the jurisdiction setting up the
fact that defendant at the time of such service was a resident of a
foreign jurisdiction attending court here as a party and witness.
On October 20 he filed his plea in abatement, which set forth that
he did so "without waiving his plea heretofore filed." On Novem-
ber 16 he filed an answer to the merits of the case, reciting that he
did so "without waiving the pleas or either of them heretofore
filed." On February 10, 1923, on defendant's motion, a commission

to take depositions was issued, and on March 17 and March 26, 1923, depositions were taken thereunder both as to facts alleged in defendant's special appearance and plea and as to facts relating to the merits of the cause. Trial was had on April 11, 1923, when the defendant was first heard in support of his special appearance and plea and upon his plea in abatement.

No record relating to the trial of the first cause was made upon the clerk's docket until October 31, 1922, when upon direction of the justice who had presided, the following entry was made: "April 20, 1922, jury drawn. Verdict directed for defendant upon the first count (for rent). Plaintiff excepts. Verdict for plaintiff $50.00 upon second count. Plaintiff waives exception to directed verdict upon first count." No written waiver of plaintiff's exception was filed in court and there is no record evidence to show whether the writ in the second suit was served before or after the plaintiff had waived her exception to the directed verdict. Upon the statement of plaintiff's counsel the court found that the suit was begun after such waiver, to which finding the defendant excepted. Further facts appear in the opinion.

*Sleeper & Brown* (*Mr. Sleeper* orally), for the plaintiff.

*Ernest L. Guptill* and *Nathan D. A. Clarke* (of Massachusetts) (*Mr. Clarke* orally), for the defendant.

SNOW, J. The plaintiff predicates her claim to jurisdiction on (1) personal service within the state, (2) written acceptance of service by defendant's attorney, (3) special appearance by counsel which had become general.

(1) Non-resident parties and witnesses are privileged from service of process while in attendance upon, going to, or returning from the trial of a cause. Process dependent upon service so made is subject to abatement. *Ela* v. *Ela*, 68 N. H. 312, 313; *Martin* v. *Whitney*, 74 N. H. 505, 506, and cases there cited. The court has found that at the time of the service of the writ the defendant was returning within a reasonable time from attendance as a party and witness at the trial of the earlier suit.

(2) The court has found that the defendant's attorney was not authorized to accept service.

(3) It follows, therefore, that this action is subject to abatement unless there has been a general appearance. A restricted appearance

for the purpose of objecting to jurisdiction merely will not confer jurisdiction. *Wright* v. *Boynton*, 37 N. H. 9, 19. But in that case the appearance must be made for the sole purpose of raising the question of jurisdiction. *March* v. *Railroad*, 40 N. H. 548, 583. "An objection to service or notice is waived when a party, by general appearance or otherwise, submits any other question, except the sufficiency of service or notice, to the court or other tribunal. He cannot take the chance of succeeding on any other objection to the case made against him, and at the same time reserve his exception to service or notice." *Roberts* v. *Stark*, 47 N. H. 223, 225; *Merrill* v. *Houghton*, 51 N. H. 61, 62; *White* v. *White*, 60 N. H. 210, 211; *Patten* v. *Patten*, 79 N. H. 388, 389. It is conceded by defendant in argument that the filing of his answer to the merits would have been a waiver of his plea to the jurisdiction but for the saving clause, but it is claimed that, inasmuch as a waiver is a voluntary act, such waiver cannot be found in the face of an express disclaimer. This position disregards the elementary principle that waiver, like any question of fact, is to be determined upon all the evidence and is not concluded by the declaration of the party. Any act which recognizes the jurisdiction has some tendency to show that the actor intends to submit to it. The recital by the defendant that he did not intend to waive his plea does not modify the character of his acts in praying the consideration of the court in his plea in abatement and in his answer to the merits. He could not at the same time invoke the judgment of the court upon the merits of the case and deny its jurisdiction. Defendant's application for a commission to take depositions to be used in the trial of the issue was an unreserved invocation of the jurisdiction. It follows that the implied finding of the court that the defendant had waived his plea to the jurisdiction was based upon competent evidence. No error of law appears in its dismissal.

The defendant predicates his claim of error in the denial of the prayer of his plea in abatement upon authority of *Gamsby* v. *Ray*, 52 N. H. 513, holding that the pendency of two suits for one cause at one time brought by one plaintiff against one defendant is a cause for abating the second suit without inquiry into the fact of actual vexatiousness and oppression. The decision in that case, in so far as it holds that the second suit is necessarily in all cases vexatious as a matter of law, is overruled, in *Tinkham* v. *Railroad*, 77 N. H. 111, 112, to the extent that the second suit is not to be dismissed as vexatious when justice requires otherwise. This con-

clusion is re-affirmed in *Hoyt* v. *Insurance Co.*, 80 N. H. 27, 32. Therefore the question here presented is whether it conclusively appears from the facts reported that justice required that the present suit be dismissed as vexatious.

The present suit is brought to recover rent. Upon defendant's motion in the first suit, the count for rent had been disposed of by a directed verdict in his favor for the reason that the suit as respects that count had been prematurely brought. Plaintiff's exception thereto, subsequently withdrawn, then remained the only impediment to an entry of judgment for the defendant which, otherwise, would follow as a matter of course upon judgment day. It is apparent, therefore, that it could be found that the present suit, brought after the withdrawal of plaintiff's exception, did not subject the defendant to a multiplicity of suits, and that, therefore, it was not vexatious or oppressive. It cannot be said as a matter of law that justice required a dismissal of the suit.

Defendant's exception to the court's finding that the waiver of plaintiff's exception in the first suit preceded the bringing of the second, raises no question of law. The superior court takes judicial notice of any action taken in court by counsel in cases there pending, and may rely upon the statements of counsel in respect thereto.

*Exceptions overruled.*

All concurred.