Strafford,
No. 4884.

ANN F. BEGGS *v.* READING COMPANY *& a.*

Argued December 6, 1960.

Decided January 20, 1961.

*Upton, Sanders & Upton (Mr. Robert W. Upton* orally), for the plaintiff.

*Burns, Bryant & Hinchey, Lawrence E. Spellman* and *E. Paul Kelly (Mr. Bryant* orally), for the defendant and the trustee.

WHEELER, J.   The defendant contends that the action should be dismissed because the trustee's disclosure failed to show any assets of the principal defendant in its hands and because no proper service of process has been made upon the principal defendant.

The plaintiff takes the position that on the present record jurisdiction does not rest on the chargeability of the trustee since the defendant has waived its special appearance by failure to file a plea to the jurisdiction within twenty days after entry of the writ as required by Rule 8, Rules of the Superior Court (99 N. H. 608) and by submitting itself to the jurisdiction of the Court on motions and matters relating to the merits of the action. See also, Rule 21 (99 N. H. 610).

The defendant argues that the jurisdictional issues cannot be determined until the trustee's disclosure is filed within the time limited by Superior Court Rule No. 63 (99 N. H. 619) and that under a special appearance the requirement of a motion to dismiss for lack of jurisdiction is a mere technicality and of no importance.

The issue here is whether the defendant waived its special appearance by failure to file a special plea to the jurisdiction within twenty days from the return day of the writ and by participating in hearings relating to the merits of the action. We think the plaintiff must prevail on both propositions.

The defendant's motion to dismiss was filed more than 100 days too late, and under the rules of the Superior Court its appearance became general. In addition the defendant invoked the judgment of the Court on matters apart from that of jurisdiction which included motions for discovery and motions to take depositions. The defendant successfully obtained an order denying the motion for production of reports of the accident, and sought to have the order appointing the commissioner vacated and the taking of depositions enjoined. These matters involved the merits and were not confined to jurisdictional issues. It was the defendant's right if it had so chosen to have the jurisdictional issue determined without participating in other phases of the case. *Maryland Casualty Co.* v. *Martin,* 88 N. H. 346, 347. "He cannot take the chance of succeeding on any other objection to the case made against him, and at the same time reserve his exception to service or notice." *Dolber* v. *Young,* 81 N. H. 157, 159. See also, *Patten* v. *Patten,* 79 N. H. 388. The question before the Trial Court was whether in fact the defendant had submitted itself to the jurisdiction of the tribunal. *Lyford* v. *Academy,* 97 N. H. 167, 168. The denial of the defendant's motion to dismiss was warranted on the record. The exceptions to other rulings of the Trial Court disclose no error.

In arriving at this result we have not considered that the

agreements of defendant's counsel for extension of the time to take and file the trustee's disclosure operated to confer jurisdiction on the Court.

*Exceptions overruled.*

All concurred.