Hillsborough,
No. 5566.

RENE M. GAGNON

*v.*

CROFT MANUFACTURING AND RENTAL COMPANY.

Argued October 3, 1967.
Decided November 30, 1967.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* ( *Mr. Dufresne* orally ), for the plaintiff.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Alan Hall* ( *Mr. Hall* orally ), for the defendant.

GRIMES, J. It has long been established in this state that "An objection to service or notice is waived when a party . . . submits any other question, except the sufficiency of the service or notice, to the court . . . ." *Roberts* v. *Stark,* 47 N. H. 223, 225; *Dolber* v. *Young,* 81 N. H. 157; *Lyford* v. *Academy,* 97 N. H. 167. The Trial Court in the case before us has correctly ruled that the defendant has waived its claim of lack of jurisdiction by including a plea of the statute of limitations.

The defendant contends that the plea of the statute of limitations does not go to the merits but is an additional ground why the court does not have the "power to hear the case on the merits." A successful plea of the statute would result in a judgment in favor of the defendant and would bar the plaintiff's right to recover in this action. By including such a plea, the defendant submitted a question to the court other than the sufficiency of the service. See *Rosenblum* v. *Company,* 99 N. H. 267, 270. It was a question upon which the Court could not act unless it had jurisdiction. By filing such a plea the defendant invoked the jurisdiction of the court and has as a matter of law waived its claim of lack of jurisdiction.

The defendant also argues it was required to file its plea of the statute of limitations within twenty days following the return day of the writ under Superior Court Rule 22 ( RSA 491 App. R. 22 ) and that therefore it should not be held to have waived the question of jurisdiction by following the requirement of the rule. Rule 22, however, provides for the filing of a special plea after the expiration of twenty days "for good cause shown" and it is common practice for parties to file motions prior to the expiration of the twenty days requesting an extension of time until after jurisdictional questions have been determined. The defendant had the right to have the jurisdictional question decided before

"participating in other phases of the case." *Beggs* v. *Reading Company*, 103 N. H. 156, 158; *Maryland Casualty Co.* v. *Martin*, 88 N. H. 346.

Defendant requests that if we rule as we have on the question of waiver we hold that its waiver resulting from its pleading filed after the expiration of the six-year period of limitation imposed by RSA 508:4 did not relate back to the date of the plaintiff's writ which was within the six-year period and thereby foreclose the defense of the statute of limitations.

If the defendant was absent from the state and if its contention that it was not doing business in this state is correct, no valid service could have been made on it prior to the enactment of RSA 300:14 and 15. This time that it was absent from the state would, therefore, be excluded in computing the time limit for bringing the action provided by RSA 508:9, ( see *Bolduc* v. *Richards*, 101 N. H. 303 ) and defendant's waiver of the jurisdictional question and resulting general appearance would come well within the statutory period. If the defendant was doing business in the state, then, of course, the service made upon the Secretary of State within six years from the accident was valid under RSA 300:11 ( c ) and 300:12. Under these circumstances, it is not material whether defendant's waiver relates back to the date of plaintiff's writ.

*Exceptions overruled.*

All concurred.