Hillsborough,
No. 6360.

JULIA JEWETT

*v.*

LEDELL JEWETT.

September 29, 1972.

*Winer, Lynch, Pillsbury & Howorth* (*Mr. Robert W. Pillsbury* orally) for the plaintiff.

*Harkaway, Gall & Shapiro* (*Mr. Leonard P. Shapiro* orally) for the defendant.

GRIFFITH, J. This is a petition for support brought by the plaintiff under the provisions of RSA 458:19-a. This statute gives jurisdiction to the superior court of petitions for support and alimony where a divorce was granted with support provisions in another jurisdiction provided the wife and children are domiciled here and the husband served with process here.

Defendant's motion to dismiss for lack of jurisdiction was denied subject to defendant's exception and the case then proceeded to trial with counsel for the defendant participating. Defendant's counsel cross-examined the plaintiff and subsequent to the trial court's order moved to set the verdict aside as against the weight of the evidence. This motion was denied by *Loughlin, J.,* who reserved and transferred the

defendant's exceptions. In his brief and argument here the defendant relies solely on his claim of lack of jurisdiction.

It appears that the parties here were divorced in January 1965 in Oakland, California, and that the defendant in January 1965 came to Nashua, New Hampshire, to work for Sanders Associates, Inc. In March of 1967 he went to Viet Nam as a civilian employee of this company and remained there until November 1969 when he returned to Nashua. The plaintiff with her three children in an attempted reconciliation joined him in May 1970 in a house he had rented in nearby Merrimack. Defendant returned to Viet Nam in June of 1970 in his capacity of a Sanders Associates, Inc., employee and at the time of the hearing was still on temporary duty there. Defendant, during the time the family was together in Merrimack, considered buying a home in Mt. Vernon, New Hampshire, but no home was purchased before he left. Plaintiff in August 1970 purchased a home on Tinker Road in Merrimack where she and the children now reside. Defendant furnished a substantial portion of the down payment on this home and since its purchase has paid the taxes and provided funds for the mortgage payments. Plaintiff originally took title to the property in her name alone but subsequently transferred it to the defendant and herself.

Service of the petition on the defendant was made by leaving a copy at the home on Tinker Road and it appears that a copy was mailed to his attorney. Jurisdiction of the parties in this case was properly with the New Hampshire Superior Court. The defendant's temporary duty in Viet Nam did not change his home which remained New Hampshire and the wife and children were domiciled here.

The trial court was justified in denying the objection to the sufficiency of the service since it appeared the defendant had actual notice of the petition. *See* 1 Merrill, Notice *s.* 608 (1952). In any event the defendant did not elect "to have the jurisdictional issue determined without participating in other phases of the case." *Maryland Casualty Co.* v. *Martin,* 88 N.H. 346, 347, 189 A. 162, 163 (1937); *Beggs* v. *Reading Company,* 103 N.H. 156, 167 A.2d 61 (1961). Instead, after denial of his motion to dismiss, his counsel tried the case

on the merits. By these acts he submitted himself to the juris-diction of the court and thereby waived all objection to the sufficiency of the service or notice. *Roberts* v. *Stark,* 47 N.H. 223, 225 (1866); *Dolber* v. *Young,* 81 N.H. 157, 123 A. 218 (1923); *Gagnon* v. *Croft Manufacturing &c. Co.,* 108 N.H. 329, 235 A.2d 522 (1967).

*Exceptions overruled.*

All concurred.