# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0569, <u>Mark T. Eno v. Khaled Abdel-Fattah</u>, the court on February 27, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See Sup. Ct. R.</u> 20(2). The defendant, Khaled Abdel-Fattah, appeals, and the plaintiff, Mark T. Eno, cross-appeals, a decision of the Superior Court (<u>Colburn</u>, J.), following a two-day bench trial, granting declaratory relief concerning the distribution between the parties of sale proceeds held by two limited liability companies in which the parties own interests. We affirm.

At the outset, we note that the defendant makes numerous assertions throughout his brief that the trial court lacked jurisdiction and, thus, that its decision is void. A court's <u>subject matter</u> jurisdiction concerns its authority to decide a particular case and is dependent upon the nature of the case and the type of judicial relief sought. <u>Hardy v. Chester Arms, LLC</u>, 176 N.H. ___, ___ (Jan. 30, 2024) (slip op. at 4). Because subject matter jurisdiction concerns the court's power to decide the case at all, a decision outside of its subject matter jurisdiction is void, and an objection to the court's exercise of subject matter jurisdiction may not be waived. <u>See id</u>. at ___ (slip op. at 4-5); <u>Lonergan v. Town of Sanbornton</u>, 175 N.H. 772, 775 (2023). <u>Personal</u> jurisdiction, by contrast, concerns whether the court may properly assert its coercive power over a particular person. <u>See</u> <u>Fortune Laurel, LLC v. High Liner Foods (USA), Tr.</u>, 173 N.H. 240, 245 (2020). An objection to the court's exercise of personal jurisdiction, including a challenge to service of process, may be waived by, for instance, defending a case on its merits or failing to timely object to the exercise of personal jurisdiction or appeal an adverse decision on personal jurisdiction. <u>See</u> <u>Mosier v. Kinley</u>, 142 N.H. 415, 423-24 (1997) (objection to personal jurisdiction must be raised as preliminary issue, and failure to immediately appeal denial of motion to dismiss on personal jurisdiction grounds constitutes waiver); <u>Beggs v. Reading Company</u>, 103 N.H. 156, 158 (1961) (defendant waived challenge to personal jurisdiction by failing to timely move to dismiss and participating in hearings relating to merits of case); <u>Super. Ct. R.</u> 9(e) (requiring party challenging personal jurisdiction or service of process to do so by motion to dismiss within 30 days of service and to appeal adverse decision thereon within 30 days of notice of decision, and providing that failure to comply constitutes waiver).

The superior court is a court of general jurisdiction with authority to decide common law civil disputes between parties, including contractual disputes between parties, and to issue declaratory judgments in disputes

between parties making adverse claims to a present legal or equitable right or title.  See Rogers v. Rogers, 171 N.H. 738, 743 (2019); RSA 491:7 (Supp. 2023); RSA 491:22 (Supp. 2023); cf. RSA 304-C:190 (2015) (providing that "[n]othing in this subdivision shall be construed to restrict the right of a member [of a New Hampshire limited liability company] to bring a direct action on his or her own behalf against [another] member" of the limited liability company).  Here, the parties' dispute as to the proper distribution of sale proceeds held by the relevant limited liability companies under the relevant operating agreement terms fell squarely within the trial court's subject matter jurisdiction.  To the extent the defendant is challenging whether the plaintiff effected proper service of process, the record reflects that he participated in a full trial on the merits, and has never appealed the denial of a preliminary motion to dismiss on service of process or personal jurisdiction grounds.  Under these circumstances, he has waived any challenge to the trial court's exercise of personal jurisdiction.  Accordingly, we reject the defendant's arguments that the trial court lacked jurisdiction and that its decision is void.  For the same reasons, we deny the defendant's separate motion to "inform Supreme Court of New Hampshire of the void judgment."

Based upon our review of the parties' written arguments, the relevant law, the record on appeal, and the trial court's thorough and well-reasoned decision, we find both the defendant's arguments in his appeal and the plaintiff's arguments in his cross-appeal to be unpersuasive, and we affirm the trial court's decision.

Affirmed.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**