140 So.2d 801 (1962)
Edward C. CARLSON
v.
Vara Bonita KEATHLEY, wife of Edward C. CARLSON.
No. 177.
Court of Appeal of Louisiana, Fourth Circuit.
May 7, 1962.
Edward F. Wegmann, New Orleans, for plaintiff-appellant.
*802 Robert J. Oster, New Orleans, for defendant-appellee.
Before YARRUT, JOHNSON and HALL, JJ.
YARRUT, Judge.
Following judgment of final divorce obtained by the husband, in which the custody of their two minor daughters was awarded to his wife, the former has taken this appeal from the custody award. The parties will be referred to herein as "father" and "mother," because there is no dispute between them as husband and wife, only as father and mother regarding custody of their children.
This litigation began in May, 1957, when the father brought suit for separation from bed and board on ground of desertion, which he obtained without contest by the mother. The separation proceedings terminated when the father, on August 15, 1960, obtained a final divorce, in default of a reconciliation; and the mother obtained final custody of their children.
During the period from May, 1957, the institution of the suit for a separation, to final judgment of divorce on August 15, 1960, the parties were in court prosecuting or defending rules for custody, injunctions, contempt, etc., too numerous to detail. However, in each instance the custody was finally awarded the mother, with right of visitation granted to the father.
The father bases his appeal from the custody award to the mother on two grounds:
(1) That she has taken the children with her to live in New York, out of the jurisdiction of the court; and,
(2) That she had abandoned the children to him for 18 months.
On the first charge, we find that the matter was tried before the district court, who found no objection to the children being taken to New York. A similar situation was approved by our Supreme Court in the case of Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321, wherein the court held that our courts are governed primarily by divorced spouses' minor children's welfare and best interests in determining whether to grant spouse awarded children's custody the permission to remove them to another state for residence.
The reason for the mother living in New York is because she found it necessary to earn a livelihood for herself and children in the only capacity she could, to-wit, a photographic model for Television and other commercials, at which she earns far more than the father. She had no other business or professional training, but as a young child she modeled children's clothes.
There is no evidence that she is neglecting the education, religious or physical welfare of the children in pursuance of her photographic modeling profession.
The father repeatedly admitted under cross-examination that the mother was thoroughly capable and competent to handle the children; for example:
"Q. Do you have any reason to believe that your wife is not fit to come back to you and to care for your children?
"A. No; certainly not.
"Q. So you don't know of any reasons why she should not be permitted to have the custody of and care for the children, do you?
"A. No. She will take care of them."
Regarding the charge that she abandoned the children for 18 months to the father, the record shows that the mother, sick and distressed over her marital difficulties, took the children with her to her home in Texas to live with her mother. Unable to earn a living there, she decided to take up modeling in New York; so voluntarily gave the custody to the father while she went to New *803 York. While in New York she kept in touch with the children and their welfare, periodically inquiring and contacting them by letter and telephone.
When she succeeded in her modeling and was able financially to take care of her children again, she regained custody, but not without a contest in court.
On the question of her abandonment, the recitals above show clearly that the mother, to her distress and solely in the interest and welfare of the children, voluntarily gave the temporary custody to the father.
In disposing of one of the custody rules, the district court recorded these pertinent conclusions, even though the court, after first awarding the custody to the father, upon a rehearing awarded custody to the mother, viz:
"The custody of the children however is the main point at issue in this case. The Court is convinced that both parties earnestly desire the custody of the children, and that they have a great amount of affection and love for their children. The Court had previously awarded custody of the children to the wife, believing it to be to the best interest of the children, and there being no evidence to show that she was morally unfit. Since the time of that judgment the wife has had the children with her in Texas for a short time, and the rest of the time, the children had been with the husband up through the hearing in this matter. Because of a series of unfortunate events, and because she is forced to seek a livelihood in the best method for which she is equipped, the wife voluntarily permitted the husband to keep the children until such time as she was established in business. The husband agreed to this procedure but is now refusing to return the children to the wife, contending that it is to their best interest that the children remain with him.
"There is no evidence at all concerning the moral unfitness of the mother of these children. The evidence produced convinces the Court that the mother has not abandoned the children but has provided for their welfare as best she could, considering the circumstances confronting her. She apparently is now in such a condition that she is able to provide for their welfare under her personal care. This Court is disturbed however by the fact that these children have been subjected to a certain amount of shuttling back and forth and the Court is not convinced that if it were to continue custody in the mother that additional shuttling back and forth would not take place. The father of the children has provided for their care and education to the best of his means, and it is unquestioned that he has the welfare of the children at heart. The Court feels that the interest of these children would best be served by permitting them to remain with the father in status quo rather than uprooting them again and sending them to live with their mother in a remote city. Solely upon this ground the Court feels that it should grant the care, custody and control of the minor children to the father."
From the above, it is clear that the district court considered thoroughly the removal of the children to New York and the question of the alleged abandonment of custody by the mother. After first taking the custody from the mother, the court promptly reversed itself, and restored the custody to her and, in the final divorce decree, confirmed the mother's pendente lite custody into permanent custody and control, subject to the father's right of visitation.
The law regarding custody of children, as is applicable here, is well-settled in the rules that it is to the best interest of young children, especially girls, that custody be awarded the mother unless she is shown to be morally or otherwise unfit to *804 care for them. Cannon v. Cannon, 225 La. 874, 74 So.2d 147; Black v. Black, 205 La. 861, 18 So.2d 321.
Further, an award of custody is not a final judgment, as changing circumstances or conditions may, in the judgment of the court, warrant a change in the custody at any time.
We find no factual or legal reason in the record that warrants a reversal of the award of custody to the mother.
For the reasons assigned, the judgment appealed from is affirmed; the father-Appellant to pay all costs in both courts concerning the custody appeal.
Affirmed.