HOUSE *v.* HOUSE.

1. DIVORCE—CUSTODY OF CHILD—CHANGE OF CIRCUMSTANCES.

Trial court's denial of husband's motion to dismiss divorced wife's second petition to modify decree as to custody of daughter who was then 5-1/2 years of age, which motion was based on ground that the question as to custody and support of the child was *res judicata* by virtue of determination made on first petition which had been filed nearly 14 months theretofore, *held,* proper, where the award of custody to the wife made pursuant to her second petition was made upon a showing that her unfortunate mental condition had steadily improved, her financial condition had also improved, and she was gainfully and permanently employed, the trial judge being then convinced that the mother had conclusively established her fitness for the child's custody.

2. SAME—CUSTODY OF CHILD—PUBLIC POLICY—MODIFICATION OF DECREE.

Order granting custody of 5-1/2-year-old daughter to divorced mother some 3-1/2 years after decree which had lodged custody with father, upon proofs showing a material improvement in the wife's circumstances during 16-month period between orders on first and second petitions to modify decree as to custody, *held,* within the jurisdiction of the court and in accord with the general principle of public policy recognized by statute as to custody of a child of such tender years (CL 1948, § 722.541).

Appeal from Oakland; Adams (Clark J.), J. Submitted August 11, 1962. (Docket No. 68, Calendar No. 49,904.) Decided September 7, 1962.

Bill by Patricia Ann McManus House against James Stowe House for divorce resulted in decree

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17A Am Jur, Divorce and Separation § 837 *et seq.*

for defendant on cross bill. Subsequent petition
for modification of decree placed custody of minor
child with plaintiff. Defendant appeals. Affirmed.

*Patterson & Patterson and Barrett,* for plaintiff.

*Edwin J. Mercer (Smith & Pratt,* of counsel), for
defendant.

CARR, C. J. The parties to this case were married
on December 31, 1954. To the marriage a daughter
was born on June 1, 1956. In December, 1957, Mrs.
House started suit for divorce, charging the defend-
ant in the case with extreme and repeated cruelty.
Defendant filed answer and cross bill, and in due
time the case came on for hearing. A property
settlement was entered into between the parties,
which the court approved, and no testimony was
introduced in support of the averments of plaintiff's
bill of complaint. Final decree was entered Decem-
ber 5, 1958, granting a divorce to defendant and
cross plaintiff and giving to him the custody of
the minor child of the parties, then approximately
2–1/2 years of age.

Following the entry of the decree Mrs. House
removed to the city of New York where she obtained
congenial and remunerative employment. The de-
cree of divorce granted to her reasonable rights
of visitation of the child, the custody of which she
was allowed to have on alternate weekends from
10 a.m. on Saturday to 6 p.m. on Sunday. On
August 26, 1959, she filed a petition to amend the
decree with reference to the rights of visitation
granted to her, setting up her then circumstances
which apparently had greatly improved following
the granting of the divorce decree. As a result
the visitation provision was modified so as to permit
her to have custody of the child from October 10;

1959, through and including October 31, 1959, subject to certain specified conditions.

Such arrangement was apparently not wholly satisfactory to Mrs. House, and on April 19, 1960, she filed a second petition seeking extended rights of visitation. On May 12th thereafter a stipulation was filed in the case providing for her custody of the child from June 10, 1960, through and including July 10th following. An order was entered by the court based on the stipulation, which order required that Mrs. House post a bond in the sum of $500 to insure the carrying out of her obligation under the order.

With the right of custody of her child for a limited period, as set forth under the said amendment to the decree of divorce, Mrs. House on September 27, 1960, filed a petition alleging that she was steadily employed in New York City, that she was able to support herself and make contribution to the support of her child, that she had successfully overcome her emotional difficulties, and had developed a manner of life consistent with properly rearing her daughter. She asserted that as the natural mother of said child she was the person best suited to give it the affection and attention which a child of such tender years deserves. To the petition for modification of the decree answer was filed on behalf of the child's father.

Proofs were taken and on February 16, 1961, the court entered an order continuing the custody and control of the minor child in the father "until further order of the court", but granting to the mother the right to have the child with her for a 3-month period during the summer of each year, with rights of visitation during such period on the part of the father. Mrs. House was also given the right to have the child with her during the Christmas vacation, subject to the condition that such visitation

period should not interfere with her school attendance. Mrs. House was also granted the right to visit the child when in the custody of the father in the Detroit area.

The opinion rendered by the trial judge on which the order was based indicates his conclusion that a material change of circumstances had occurred since the date of the original decree entered on December 5, 1958, with special reference to plaintiff's economic, physical, and mental condition. Apparently, however, he hesitated to grant the full measure of relief sought by Mrs. House, quite possibly concluding that changes in the existing situation should be brought about in a progressive manner.

On November 16, 1961, Mrs. House filed a second petition to amend the decree with reference to the custody of the child, alleging the situation then existing and her ability to give the child a mother's care and attention. Defendant's motion to dismiss the petition on the ground that the question as to the custody and support of said child was *res judicata* was denied by the court. Somewhat extensive proofs were taken in support of the averments of the petition and the answer thereto, as a result of which the trial judge determined that the best interests of the child of the parties required that the principal custody and control thereof be given to the mother. An order was entered accordingly granting the relief sought by the petition but giving to the father the right of custody for not less than 2 months during the summer of each year together with visitation privileges during the Christmas vacation and also the right of visitation on occasions when the father should be in the city of New York or such other place as the mother and child might be living. From such order defendant and cross-plaintiff has appealed.

On behalf of appellant it is claimed that the question raised by the petition involved in the present appeal was *res judicata* by virtue of the determination of the court on the first petition filed by Mrs. House for the modification of the decree with reference to the custody of the child. As before noted, the circuit judge denied the motion to dismiss based on such ground. A consideration of the record justifies the conclusion that the unfortunate mental condition which existed on the part of the mother at the time of the hearing of the divorce case had steadily improved, that her financial condition had also improved, that she was gainfully employed, and apparently permanently so, at the time of the last hearing. It is obvious that the proofs submitted on such hearing were much more complete and convincing than the testimony on the hearing of the first petition for change of custody.

It is apparent from the record that the trial judge was quite familiar with the facts of the case and with the situation of both parties thereto. It is a fair conclusion that he considered it the part of wisdom, and in the interest of the welfare of the child, to withhold from the mother the custody that she sought until she had *conclusively* established her fitness therefor. The problem presented is somewhat analogous to that involved in *Sargent* v. *Sargent,* 320 Mich 33, and *Sperti* v. *Sperti,* 326 Mich 620. Under the circumstances involved we think that the motion to dismiss the petition for modification was properly denied. The trial judge was correct in determining that he had jurisdiction to proceed on the basis of the proofs before him.

It is further claimed on behalf of appellant that the proof of change of circumstances was not sufficient to justify the action of the court in amending the decree of divorce in the manner indicated. That there were material changes, particularly with ref-

erence to the condition and situation of the plaintiff following the granting of the decree of divorce, is not open to serious question. The testimony on the last hearing indicated an ability on her part to care for her child properly and to give it the affection so essential to the proper rearing of a child of tender years. The proofs indicate that the little girl was strongly attached to her mother, a natural condition with which there should be no interference. It is also true that as the child grows older the necessity for the guidance of her mother will become more imperative.

Th order involved in the instant appeal was entered June 6, 1962, approximately 3-1/2 years after the entry of the final decree of divorce, and nearly 16 months after the order on the prior petition for custody. As before suggested, the changed circumstances on which the circuit judge relied in modifying the decree were progressive in character. It may not be said that such showing was insufficient to justify the amendment of the decree. It is a fair conclusion from the record that there was a material improvement in such circumstances during the period intervening between the first and the second order modifying custodial provisions of the decree.

The order here in question is in accord with the general principle of public policy recognized in CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311), stating the rule that custody of a child of tender years should be given to the mother, if a proper and competent person, but subject, of course, to the underlying rule that the best interests of the child must be deemed to be controlling. The general principle recognized and applied by the trial judge is exemplified in the following cases: *Eichholtz* v. *Eichholtz,* 319 Mich 42; *Reynolds* v. *Reynolds,* 323 Mich 332; *Vines* v. *Vines,* 344 Mich 222; and *McLay* v. *McLay,* 354 Mich 19.

The decree of the trial court is affirmed. Appellee may have costs.

Dethmers, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.

Kelly, J., did not sit.