Strafford
No. 7288

REID ANTHONY HILLE v. KATHLEEN MARY HILLE

February 27, 1976

*Coolidge, Cullinane & Cullinane (Mr. Clyde R. Coolidge* orally) for the plaintiff.

*Barrett & McNeill (Mr. Malcolm R. McNeill, Jr.,* orally) for the defendant.

DUNCAN, J.   This is a petition by the named defendant to modify the terms of an order of custody entered at the conclusion of divorce proceedings. After hearing, the Master *(Clovis I. Desmarais,* Esq.) recommended that the petition be granted and the recommendation was approved by the Superior Court *(Dunfey,* J.). In consequence the custody of four minor children was transferred from the plaintiff to the defendant. The plaintiff's exceptions were reserved and transferred by the presiding justice. The plaintiff

contends that the court's decision to transfer custody of the children was an abuse of discretion in light of this court's recent decision in *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974), to which counsel directed the master's attention.

The divorce was granted to the plaintiff in March of 1971. At that time the New Hampshire Probation Department recommended, and the parties agreed, that the plaintiff should have custody of the four minor children, the defendant to have reasonable rights of visitation.

At the time of the original action Mrs. Hille was not represented by counsel. Prior to the divorce she had sought professional counseling to assist her in overcoming emotional problems which she felt rendered her unable to cope with day-to-day problems. At the time of the divorce these problems had not been resolved. She agreed to the terms of the order giving custody of the children to the plaintiff because, as she put it, "I didn't feel I could give them the support that they needed without him."

Following the divorce, Mrs. Hille continued in therapy with apparent success. She finished degree requirements at the University of New Hampshire and later enrolled in a doctoral program at Clark University in Worcester, Massachusetts, which she has since discontinued. She is presently employed as a "corporate standards and training coordinator" for the Norton Company of Worcester and resides in a seven and one-half room, single-family dwelling in Worcester, Massachusetts.

Following the divorce, the children resided with their father in Barrington, New Hampshire. Mr. Hille holds a bachelor's degree in education from the University of New Hampshire and had been employed as a general science teacher in a number of New Hampshire schools. In June 1973, he gave up his employment in order to devote full time to the children, supplementing the family income with benefits disbursed through Aid to Families with Dependent Children (AFDC) and the federal food stamp program.

On June 10, 1974, the defendant brought her petition to modify the custody award. She alleged "changes in the circumstances of the parties" justifying a change in custody. Following hearing the master recommended contrary to the recommendations of the New Hampshire Welfare Department, that the defendant be given custody of the children whose ages then ranged from six to ten years, and that the plaintiff be ordered to pay $10 per child per week for their support.

The law of this State with regard to modification of an award of

custody was recently stated in *Perreault v. Cook,* 114 N.H. 440, 322 A.2d 610 (1974). The welfare of the children is the paramount consideration in determining whether and to what extent a custody award will be modified. *Id.* at 443, 322 A.2d at 612. Family relationships established under an existing order should not be disrupted in the absence of a "strong possibility" of harm if continued. *Id.* "Accordingly, the party to whom custody of a child has been given pursuant to a divorce decree has a much higher interest in maintaining the status quo for the purpose of protecting the child from psychological injury", and the "inquiry must necessarily concentrate on the circumstances of the family in which the child has been placed . . . ." *Id.* at 443-44, 322 A.2d at 612-13. *See also Rousseau v. Rousseau,* 116 N.H. 106, 352 A.2d 706 (1976), decided this day; *Heater v. Heater,* 254 Iowa 586, 118 N.W.2d 587 (1962). Hence, courts should not "be so ready to modify custody orders that the child will be disturbed and upset by the repeated changes" (H. Clark, Jr., Law of Domestic Relations § 17.7 (1968)), and the discretion of the trial court may be limited according to the circumstances of the case. *Compare Perreault v. Cook supra with Labrie v. Labrie,* 113 N.H. 255, 305 A.2d 687 (1973); 16 N.H.B.J. 129, 131 (1974).

The principal change in circumstances upon which the defendant relied in her petition was the change in her own situation. She alleged that she acquiesed in the original custody order because of her condition at the time it was entered, and the record contains substantial evidence to indicate that she has overcome earlier problems and is now in a position to provide the children with a suitable home. While such evidence is pertinent *(House v. House,* 367 Mich. 350, 116 N.W.2d 791 (1962); *Sinclair v. Sinclair,* 392 P.2d 750 (Okla. 1964)), of itself it might not warrant modification of the original order. *See generally* Annot., 74 A.L.R.2d 1073, 1078 (1960).

However, there was also evidence from which the master could find that since the divorce the personal hygiene of the children had been neglected; that at times they were unkempt in appearance; and that at least one, on occasion, had suffered from serious skin rashes. Timothy, age 9, had been absent from school for approximately forty-five days during the academic year 1974-75, for no reason satisfactory to the authorities, and there was evidence that Mr. Hille had been advised on a number of occasions by Barrington school officials that this attendance pattern was both unwise and unacceptable. The "geodesic dome" house in Barrington in which the family then lived consisted mainly of a single central area

serving as living room, dining room, and kitchen. All four children slept in a single bedroom adjoining the main area. There was conflicting evidence as to the nature of the community in which the plaintiff and his children have lived and as to its suitability for raising children. The plaintiff himself testified that he proposed to marry a younger woman from New Zealand, who was living with them while awaiting a divorce.

The implication of the master's recommendation is that he found that the benefits to the children to be gained by placing them with the defendant outweighed any risk of emotional or psychological disorientation which might result from the change in custody. We cannot say that such a finding was unreasonable on the record. *Rousseau v. Rousseau supra.*

In conclusion, however, we note that were the record such as to require that the order be set aside, the minor children as in *Rousseau v. Rousseau* would once again be exposed to the undesirable effects of interrupted family relationships. In future cases involving modification of custody orders the trial court may well consider entry of a stay of the effective date of the order, if it appears that appellate review will be sought and pursued.

*Plaintiff's exceptions overruled.*

All concurred.