Strafford
No. 7481

LAWRENCE J. HOUDE

v.

DEBORAH HOUDE BECKMEYER

November 30, 1976

*William P. Shea (Mr. Shea* orally) for the plaintiff.

*McManus & Johnson (Mr. Anthony McManus* orally) for the defendant.

PER CURIAM. Petition for modification in which plaintiff seeks custody of the minor child who now resides in the state of Washington with the defendant mother.

The parties were divorced by decree of the Strafford County Superior Court in 1970. The decree incorporated a stipulation which reads as follows:

> "That the minor child shall not be removed outside the State of New Hampshire for permanent residence without the approval of the Court or a written consent by the parties."

The defendant unsuccessfully petitioned for modification as to residency at a hearing held on March 16, 1971.

In March of 1975 without notice to or consent of the plaintiff and without the approval of the court the defendant removed the minor child to the state of Washington.

The plaintiff filed this petition for modification. The defendant moved to dismiss alleging the petition stated no change in circumstances warranting the relief sought and suggesting the proper remedy to be a petition for contempt. The Court *(Dunfey,* J.) on June 11, 1975, approved the Master's *(Clovis Desmarais,* Esq.) recommendation that the motion to dismiss be granted. Plaintiff's motion for a rehearing was granted by *Mullavey,* J., who after hearing affirmed the June 11, 1975 order dismissing plaintiff's motion for modification of the custody order. The issues raised by the plaintiff's exceptions were reserved and transferred by *Mullavey,* J.

In passing we note that the defendant addresses herself to the proposition that the trial court abused its discretion in granting plaintiff's request to vacate the order and to grant a new hearing. The reserved case allowed by the court did not transfer the defendant's exception and there being no objection the question need not be considered. Insofar as the argument embodies a claim of lack of jurisdiction, we comment that RSA ch. 458 clearly confers not only original but continuing jurisdiction in the court. *See Madsen v. Madsen,* 111 N.H. 315, 282 A.2d 667 (1971).

The evidence is that the defendant left this jurisdiction in order to promote the employment opportunities of her new husband, and thus the well-being of their marriage. The move, obviously, curtailed the visitation rights of the plaintiff who remained in New Hampshire. The defendant has written to the plaintiff

indicating her willingness to allow the child to visit her father, or in the alternative, allow the father unrestricted rights of visitation in the state of Washington. The defendant further offered to permit the plaintiff's support obligation to be applied to the cost of transportation. The plaintiff has been unwilling to sign a stipulation that would permit visitation during the summer and on holidays. The plaintiff wants to see his daughter "while she grows, not once a year, not every six months. I want to see her every weekend." Plaintiff concedes that the defendant was and is a fit parent able to properly take care of and raise the child.

There is little doubt that the defendant, by removing the child to Washington, has acted in contempt of a court order; that the father's ability to visit has been altered; and that there thus exist changed circumstances respecting custody. *See* H. Clark, Law of Domestic Relations § 17.4, at 587 (1968).

The award of custody is not a device to reward or punish parents, and a violation of a court decree by one of the parties is not necessarily controlling on the question of custody. This court could overrule the trial court on these grounds alone only if it were prepared to hold as a matter of law that removal of the child from the State in violation of a court order mandated a change of custody. "The power of contempt to enforce previous orders ... is extensive ... but the exercise of the power involves practicalities as well as principles." *Douglas v. Douglas*, 109 N.H. 41, 43-44, 242 A.2d 78, 80 (1968). We have expressed a judicial reluctance to modify an existing custody relationship and have imposed upon the party seeking a modification a heavy burden of persuasion. *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974). The paramount and controlling consideration is the overall welfare of the children involved. *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973).

We have recognized and acknowledged that visitation by the parent denied custody is an important right but one that must yield to the greatest good of the child. *Butler v. Butler*, 83 N.H. 413, 416, 143 A. 471, 473 (1928); *see Guggenheimer v. Guggenheimer*, 99 N.H. 399, 403, 112 A.2d 61, 64 (1955).

The question is whether or not the trial court's decision constituted a proper exercise of discretion within the guidelines and limitations established by *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973) and *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974); *Rousseau v. Rousseau*, 116 N.H. 106, 108, 352 A.2d 706, 708 (1976). If there is evidence to support the trial court, it

will not be disturbed on appeal. *Clark v. Clark*, 96 N.H. 443, 78 A.2d 525 (1951); *Del Pozzo v. Del Pozzo supra.*

The court had before it the prior proceedings wherein custody had been awarded the defendant; the exhibits in the form of two letters from the defendant to the plaintiff; the acknowledgment that the defendant had been and still was a good mother and that the good care of the child would continue in Washington. Given this undisputed evidence that the minor child was in good hands, the court could have reasonably concluded that the upset in the minor's life resulting from a change in custody was not in the child's best interests. *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973). We find no abuse of discretion and the court's decree is affirmed.

*Exception overruled.*

BOIS, J., did not sit; the others concurred.