Rockingham
No. 7961

EARL J. GILLIS

v.

JONI GAIL GILLIS

March 31, 1978

*Tetler & Holmes,* of Hampton, by brief for the plaintiff.

*Dalton, Dalton, Asoian & McGarry,* of Andover, Massachusetts, by brief for the defendant.

PER CURIAM. The issue in this divorce case is whether the burden imposed in *Forde v. Sommers,* 117 N.H. 356, 373 A.2d 358 (1977), on a parent seeking to modify a custody decree applies when there is a prior agreement of the parties regarding custody but no prior decree of custody.

The parties married in 1972. Their only child, a son, was born on June 30, 1974. In April 1975, the parties separated, and the plaintiff entered the United States Air Force. In July 1975 and in May 1976, defendant admitted herself to various hospitals. Plaintiff obtained physical custody of the child in May 1976; the boy remained with him thereafter except for a three-week period in July and August of 1976.

In August 1976, defendant enlisted in the Army. The parties discussed the question of custody and agreed that plaintiff would retain physical custody until defendant completed her basic training. Custody was to be returned to defendant after she completed basic training.

In December 1976, plaintiff filed a libel for divorce on the ground of irreconcilable differences causing an irremediable breakdown of the marriage, and prayed for custody of the child. There was a hearing before a Master (*Nicholas G. Copadis,* Esq.), who, in reliance on *Forde v. Sommers supra,* placed the burden on plaintiff to demonstrate such a change in circumstances as to create a strong possibility of harm to the child. The master recommended that custody be decreed to the defendant because plaintiff had not met that burden. *Mullavey,* J., entered a decree in accordance with this recommendation and transferred plaintiff's exceptions.

In *Forde v. Sommers supra,* custody of the children had been granted to the mother by a Massachusetts decree. Because the mother, who had taken the children to Texas temporarily, could not care for them while she was taking a night course, the parties agreed that the children would live with their father for a year

while the mother earned her degree. The children came to Massachusetts and remained there with their father until he moved to New Hampshire, where they continued to live with him. The father remarried and filed a petition in New Hampshire seeking a decree of custody. The mother, having obtained her degree and having secured better employment, contested the attempt to modify the Massachusetts decree. The court, quoting from *Perreault v. Cook,* 114 N.H. 440, 443, 322 A.2d 610, 612 (1974), stated that "[a] child custody decree is not to be modified 'unless the moving party demonstrates that the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement.' " *Forde v. Sommers,* 117 N.H. at 356, 373 A.2d at 359–60. The court stated that the moving party has this burden even if he has actual physical custody of the children.

In *Forde* and *Perreault,* custody had been awarded by *court decree.* Both cases speak of a modification of a custody decree. In *Perreault,* the court stated that "the party to whom custody of a child has been given pursuant to a divorce decree has a much higher interest in maintaining the status quo . . ." and that "the relationship established by the custody award should not be disturbed" unless the burden above stated is met. *Perreault v. Cook,* 114 N.H. at 443, 322 A.2d at 612.

In the case before us, there was no previous court decree of custody. The parties had made an informal agreement sometime before the divorce libel was filed, but no court had determined which parent should have custody, considering the overall welfare of the child. *Forde v. Sommers supra; Del Pozzo v. Del Pozzo,* 113 N.H. 436, 309 A.2d 151 (1973). Under these circumstances, the court erred in placing the burden it did upon the plaintiff. We therefore remand for a redetermination of custody based on a consideration of the overall welfare of the child.

*Exceptions sustained; remanded.*