Cheshire
No. 78-035

WILLIAM W. BALLOU

v.

CONNIE J. BALLOU

June 19, 1978

*Cristiano, Kromphold & Green,* of Keene (*Douglas F. Green* orally), for the plaintiff.

*Donald E. Reid, Jr.,* of Keene, waived brief and oral argument for the defendant.

BOIS, J.    In this petition for modification of a court decree the plaintiff seeks custody of his minor child. Currently the defendant has custody under a stipulation incorporated into the court decree that divorced the parties. A hearing on the petition was held before a Master (*Earl J. Dearborn,* Esq.), who recommended that the petition be denied and that for a period of one year the New Hampshire Division of Welfare regularly check on the child and her home situation and report its findings to the court. A decree was entered accordingly. Plaintiff seasonably excepted to certain rulings of the court, and all questions of law raised were reserved and transferred by *Loughlin,* J. We affirm, but recommend that the court enforce its order regarding periodic checks and reports to it by the division of welfare.

Basically, plaintiff's claim is that under the rule set down in *Perreault v. Cook,* 114 N.H. 440, 322 A.2d 610 (1974), the evidence in the instant case mandates a transfer of custody of the minor child to him. He asserts that the trial court's failure to transfer custody was an abuse of its discretion.

The master ruled that "the paramount concern is the best interest of the child and that the relationship established by the custody award should not be disturbed unless the party demonstrates that the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement." This accords fully with the law in this State. *Gillis v. Gillis,* 118 N.H. 206, 384 A.2d 792 (1978); *Forde v. Sommers,* 117 N.H. 356, 373 A.2d 358 (1977); *Perreault v. Cook,* 114 N.H. 440, 322 A.2d 610 (1974).

The plaintiff argues that the circumstances in this case show sufficient change to compel a modification of the custody order. He submits that the child's home environment is improper. Specifically, he alleges, first, that the defendant's employment has been sporadic. She allegedly held loud parties and caused disturbances resulting in her eviction from the trailer park in which she resided. Subsequently the defendant resided in the home of her boyfriend's grandmother. The defendant also allegedly failed to properly supervise the minor daughter, and thereby subjected her to two possible incidents of molestation. The defendant inadequately cared for the child, with the result that the child was at times, dirty and unkempt. Finally, the plaintiff argues that the child lacked discipline and as shown by the minor's apparent weariness, kept late hours. He emphasizes that the defendant was beset by personal problems. Since 1974, she has twice been convicted of driving while under the influence of alcohol, and she has been hospitalized and treated for injuries received while intoxicated and from an altercation with her fiance that resulted in her being dragged by his car as he drove away. Plaintiff concludes that the defendant is an unfit mother.

A reading of the transcript and a review of the exhibits reveal conflicting testimony and other evidence that do not compel the inferences drawn or the conclusions arrived at by the plaintiff. In addition the master made the following specific findings:

> Testimony was presented that the Defendant has during the past summer had numerous loud parties in her trailer; however, the Defendant blamed this on a relative of hers whom she has since told cannot bring friends to her house.

> There was evidence presented by babysitters for the child that the child appeared to be a normal child, well fed and polite for a child of her age. There was evidence presented by members of the school staff that on two occasions the child had fallen asleep during the rest period for children; however, the Master, bearing in mind the age of the child, cannot conclude that this would be an unusual occurrence for a child of this age.

> Testimony was also presented that the Defendant has engaged in the excessive use of alcohol on occasion; however, the Master finds that such use has been the exception and not the rule.

Findings of fact entered by a master are binding on this court if supported by evidence; such conflicts as might be found in

the testimony, questions about the credibility of witnesses, and the weight to be given to testimony are for the master to resolve. *Rousseau v. Rousseau*, 116 N.H. 106, 352 A.2d 706 (1976). When findings depend upon debatable inferences deducible from the evidentiary facts, we cannot hold as a matter of law that there was error. *Nute v. Blaisdell*, 117 N.H. 228, 232, 374 A.2d 923, 925 (1977).

*Exceptions overruled.*

All concurred.