Hillsborough
No. 78-095

ALAN GREENGLASS

v.

PAULA J. GREENGLASS

September 18, 1978

*Enright, Lizotte & Drescher*, of Milford (*William R. Drescher* orally), for the plaintiff.

*Winer, Lynch, Pillsbury & Howorth*, of Nashua (*Peter W. Bennett* orally), for the defendant.

BOIS, J. The principal issue in this divorce case is whether the burden imposed in *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974), on a parent seeking to modify a *permanent* custody decree applies to a parent seeking to modify a *temporary* custody decree. We hold that it does not.

The parties married in 1965 and a daughter, Kara, was born on September 11, 1971. Plaintiff thereafter filed a libel for no-fault divorce. On November 25, 1974, a Master (*Joseph L. Clough*, Esq.) recommended that the defendant be granted temporary custody of the child and that the plaintiff be ordered to pay $30 weekly for the support of Kara and the defendant. This recommendation was approved by the Court (*Loughlin*, J.).

In 1975, the defendant was hospitalized for treatment; because she was unable to care for Kara, the plaintiff assumed physical custody of the child. The plaintiff filed a motion to modify the temporary custody decree. After a hearing, at which the defendant was not present, the Master (*Copadis*, J.) recommended the following order:

> Motion for modification of decree as to custody of minor child and support is held in abeyance until such time as defendant is released from the hospital, at which time a hearing shall be held.
>
> [Alan] . . . has physical custody of minor child Kara. Until further order, prior order for support is vacated.

This recommendation was approved by the Court (*Flynn*, J.) on March 1, 1976.

A decree divorcing the parties was issued on October 4, 1976. Instead of rendering a permanent custody order at that time, the court ordered that "temporary custody shall remain with the plaintiff" pending an investigation and recommendation by the State probation department. On July 15, 1977, in accordance with the probation department's recommendation, the Court (*Loughlin, J.*) awarded "permanent care, custody and control of the minor child" to the plaintiff. The court stated that, "in arriving at its difficult decision, as both parents are more than suitable, [the court] has followed the tenets of law set forth in *Hille v. Hille*, 116 N.H. 109 and *Perreault v. Cook*, 114 N.H. 440." The court also granted the plaintiff's request for a finding that "the welfare of the minor child under the circumstances would best be served by granting permanent custody to the plaintiff." The exceptions taken by the defendant were reserved and transferred.

The defendant's first argument begins with the premise that at the time of the divorce she still had (temporary) legal custody of the child. The defendant interprets the March 1, 1976, order as merely acknowledging that the plaintiff had temporary *physical* custody of Kara, not as switching legal custody to the plaintiff. *See Forde v. Sommers*, 117 N.H. 356, 373 A.2d 358 (1977). Therefore, she concludes, for the plaintiff to be awarded permanent custody he must satisfy the standard of *Perreault v. Cook supra*. Specifically, she argues that the plaintiff must demonstrate a strong possibility that harm would befall the child if the defendant maintained custody.

 Even if we assume that her interpretation of the March 1, 1976, order is correct, we disagree with the defendant's conclusion. In *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974), we held that:

> The relationship established by the custody award should not be disturbed unless the moving party demonstrates that the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement.

*Accord, Ballou v. Ballou*, 118 N.H. 463, 387 A.2d 1169 (1978). Our holding was based on the ground that "the party to whom custody of a child has been given pursuant to a *divorce decree* has a much higher interest in maintaining the status quo for the purpose of protecting the child from psychological injury." *Perreault v. Cook*, 114 N.H. at 443, 322 A.2d at 612. (Emphasis added.) This higher interest, however, does not attach to a party to whom custody of a child

has been given pursuant to a temporary decree; such an order generally is not the product of a full hearing on the merits. 2 W. Nelson, Divorce and Annulment § 15.28 (2d ed. 1961). In fact, according to the plaintiff's counsel, the first formal evidentiary hearings in this case were the hearings on the divorce libel held in the fall of 1976.

RSA 458:17 (Supp. 1977) ("Support of Children") provides that: "In all cases where there shall be a decree of divorce . . . the court shall make such further decree in relation to the support, education, and custody of the children as shall be most conducive to their benefit. . . ." The statute requires the court to base its custody award solely on the best interests of the child; it accords no presumptive validity to the temporary custody award authorized by RSA 458:16 IV (Supp. 1977) ("Temporary Orders"). *See Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973).

We therefore hold that a court issuing a permanent custody decree must make a new determination of the child's best interests, and may not impose a special burden of proof on the parent seeking to modify the temporary custodial relationship. *See Gillis v. Gillis*, 118 N.H. 206, 384 A.2d 792 (1978). The court may or may not, in its discretion, conclude in a given case that it would be in the child's best interest to continue a custodial relationship established by a temporary custody decree.

The defendant's second argument is that the trial court, in issuing its permanent custody decree, improperly applied the *Perreault* standard against the defendant. She contends that the trial court viewed the plaintiff as having been the child's temporary legal custodian when the court granted plaintiff permanent custody of the child. As a result of this mistaken belief, she argues, she was saddled with the *Perreault* standard, which she could not satisfy.

It is true that the court stated that it arrived at its custody decision by following "the tenets of law set forth" in *Perreault* and in *Hille v. Hille*, 116 N.H. 109, 352 A.2d 703 (1976). Standing alone, this statement might indicate that the court incorrectly applied the *Perreault* and *Hille* standard, rather than the best-interests test. However, the court granted the requested finding that the child's welfare would "best be served by granting permanent custody to the Plaintiff." Thus it appears that the court did properly act in compliance with what it perceived to be the child's best interests. We have repeatedly held that this fully accords with the law in this State that the paramount and controlling factor is the child's overall welfare.

574

*E.g., Ballou v. Ballou,* 118 N.H. 463, 387 A.2d 1169 (1978); *Gillis v. Gillis,* 118 N.H. 206, 384 A.2d 792 (1978); *Forde v. Sommers,* 117 N.H. 356, 373 A.2d 358 (1977); *Hille v. Hille supra.*

█ No record has been transferred to this court. On the basis of the reserved case and the appendix to it, we cannot say that the trial court abused its discretion in awarding permanent custody to the plaintiff. *See Ballou v. Ballou,* 118 N.H. 463, 387 A.2d 1169 (1978).

*Exceptions overruled.*

GRIMES, J., did not sit; the others concurred.