Rockingham
No. 82-205

ALMA M. HOWARD

v.

RAYMOND J. HOWARD, JR.

December 16, 1983

268

*John A. Macoul*, of Salem, by brief and orally, for the plaintiff.

*William E. Brennan P.A.*, of Manchester (*Ronald J. Caron* on the brief and orally), for the defendant.

*Charlton J. Swasey*, of Kingston, by brief and orally, as guardian ad litem for the parties' children.

PER CURIAM. The defendant, Raymond J. Howard, Jr., filed a petition in the superior court seeking a modification of a permanent custody decree. The petition was heard by a Master (*Earl J. Dearborn*, Esq.), and his recommendation granting the defendant temporary custody was approved by the Superior Court (*Temple*, J.). The plaintiff appealed, claiming several errors were committed by the master. We affirm.

The parties were divorced in 1978, and permanent custody of the two children was awarded to the mother, the plaintiff herein. The defendant subsequently applied to the superior court for a modification of the decree, requesting that he be granted permanent physical custody of the children. The defendant alleged that the plaintiff was an unfit mother because she drank excessively, abused her children and fought with her boyfriend.

At trial, the defendant presented the testimony of witnesses to support these allegations, and this evidence was contradicted by testimony the plaintiff proffered. The master-admitted into evidence and reviewed the report of the guardian ad litem, the examination of a psychiatrist and several other exhibits, including hospital records. The master concluded that "the evidence indicated that the children have been abused by someone in the household."

The master recommended joint legal custody of the children, physical custody with the defendant, and liberal visitation rights by the plaintiff. The master also recommended that custody ought to be reviewed after six months, on the plaintiff's motion. The plaintiff moved for a stay of the order pending review by this court. The master recommended approval of the stay, which was approved by the Superior Court (*Nadeau*, J.).

The plaintiff contends that the master's decision should be reversed because there were insufficient findings of fact, the evidence did not warrant a modification, the wrong legal standard was applied, and the guardian ad litem's report was impermissibly admitted into evidence.

■■ We will not reverse the master merely because he did not make detailed findings of fact. In *Society for Protection of N.H. Forests v. Site Evaluation Comm.*, 115 N.H. 163, 173, 337 A.2d 778, 786 (1975), we stated that "[w]hile this court has repeatedly recognized the need for basic findings supported by the record, it has not mandated detailed and specific reasons for the basic findings." *See also Pugliese v. Town of Northwood*, 119 N.H. 743, 749, 408 A.2d 113, 117 (1979).

■■ Furthermore, we do not consider the master's apparently inadvertent failure to answer one of the twenty-nine requests for findings of fact fatal to his decision or violative of RSA 491:15. The purpose of RSA 491:15 is to provide a simple method of presenting the appellate court with questions of law for review. *See Concord General Mut. Ins. Co. v. Haynes*, 110 N.H. 76, 79, 260 A.2d 99, 101 (1969). Although findings of fact that explain the trier's underlying rationale would be more helpful, the master's decision here satisfied the minimum required by RSA 491:15.

■ The plaintiff argues that the liberal visitation rights and the granting of the stay are inconsistent with the modification order, and support her contention that the order should be vacated. The standard for modification of custody orders that we articulated in *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974) ("a strong possibility that the child will be harmed") does not apply only to physical harm.

■ The master found in this case that the children were in danger of *both* physical and psychological harm. This finding could well reflect the master's recognition that there was a danger of long-term psychological harm if the children were to continue living with the mother. The finding may also indicate his realization that physical abuse is less likely to occur during visits than when a parent is

faced with the usual day-to-day parental stresses. Viewed in this light, we cannot say that the master's modification order is inconsistent with giving the plaintiff liberal visitation rights. *See Taylor v. Davidson Rubber Co.*, 122 N.H. 428, 433, 445 A.2d 1119, 1122 (1982).

■■ The plaintiff next argues that the evidence did not warrant a modification of the decree. This court has said that the trial court or master "has wide discretion in divorce matters . . . [and] that we will not disturb its determination if it could reasonably be made." *Chasan v. Mintz*, 119 N.H. 865, 867, 409 A.2d 787, 788 (1979). *See* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE: FAMILY LAW 209 (1982). In considering this case, the master heard conflicting testimony regarding the plaintiff's actions, including allegations of child abuse, alcohol abuse, and fights with her boyfriend. In addition, the master reviewed reports of the guardian ad litem and the psychiatrist. We cannot say that the record presented to us "clearly demonstrates an abuse of discretion" by the master, *Chasan v. Mintz*, 119 N.H. at 867, 409 A.2d at 788, and, therefore, we do not disturb his findings.

■■ The plaintiff contends that the master committed reversible error in failing to apply the "strong possibility the child will be harmed" standard of *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974). When this standard was enunciated, we did not contemplate the development of magic words that would have to be used in every decision for it to withstand appellate review. The master in the instant case found that "there is a present danger to the welfare of the children, both physically and psychologically." The master's finding of "a present danger" is more compelling than would be a finding of "strong possibility" under *Perreault*; therefore, we will not disturb his decision on this ground.

■ The plaintiff also contends that the report of the guardian ad litem should not have been admitted into evidence because it contained hearsay, was prejudicial, denied her the right to confront witnesses, and denied her due process. The role of the guardian ad litem is to "clarify issues, minimize conflict, facilitate understanding and acceptance between the parties, help the child to form a decision (or to accept one) and attempt to facilitate settlement. . . ." C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE: FAMILY LAW 215 (1982). In order to perform these functions, the guardian ad litem should obtain a composite view of the child; thus he should contact persons familiar with the child because each may have a different view that should be considered. It is apparent that if the guardian ad litem is

to perform these functions effectively, he or she will need a great deal of flexibility. To impose a set of rigid restrictions on guardians ad litem would defeat the purpose for which they are appointed under RSA 458:17-a.

 The plaintiff inappropriately relies on *Provencal v. Provencal*, 122 N.H. 793, 451 A.2d 374 (1982), to support her contention that the admission of the guardian ad litem's report was reversible error. In *Provencal*, we held that "the secrecy surrounding the guardian ad litem's report deprived the plaintiff of her right to challenge its contents." *Id.* at 797, 451 A.2d at 377. In the present case, the guardian ad litem's report was not withheld from the plaintiff, nor was she prevented from examining the guardian ad litem.

 The plaintiff also relies on *Provencal* to support her argument that the guardian ad litem must disclose the names of all the parties providing information. This reliance is also misplaced. Although we held in *Provencal* that the "parental interest in disclosure outweighs the need for anonymity," we also said that "[g]uardians, of course, may choose to leave out certain names of individuals who seek anonymity because of familial or other close ties that might inhibit candor." *Id.* Therefore, we conclude that the report of the guardian ad litem was properly admitted by the master.

Finally, we turn to two procedural issues that arose in this case: the propriety of the master's staying his order pending appeal and of his issuance of the order on a temporary basis.

 In *Hille v. Hille*, 116 N.H. 109, 112, 352 A.2d 703, 706 (1976), we held that "the trial court may well consider entry of a stay of the effective date of the order, if it appears that appellate review will be sought and pursued." These directions apparently have generated some confusion concerning the discretionary or mandatory nature of a decision to stay. To clarify, we now hold that the decision whether to issue a stay is discretionary, but that in no instance should a stay be issued when it would place the child in imminent danger of harm.

 In this case, the master's order was subject to review in six months. This is not the preferred procedure in custody cases. The emotional trauma that children are subject to during custody disputes can have long-lasting psychological effects and, thus, should be avoided whenever possible. *See* C. DOUGLAS, 3 NEW HAMPSHIRE PRACTICE: FAMILY LAW 201 (1982); *Hille, supra at* 111, 352 A.2d at 705. Normally, if custody is changed on permanent orders, it is permanently changed. Temporary orders may well be

needed in the exceptional case; however, the court should set forth its rationale therefor.

*Affirmed.*

SOUTER, J., did not sit.