51    61
71    218

### MERRILL v. HOUGHTON & A.

The appearance of a defendant to a bill in equity confers jurisdiction, unless it be for the sole purpose of setting up the want of jurisdiction.

Therefore, if the party appear and make this objection, and at the same time demur to the bill for want of equity, the defect of jurisdiction is cured.

A bill in equity, brought to redeem stocks pledged to the defendants, may be sustained, although they may have sold the stocks; and in case it be out of their power to return the stocks, the court may, in a proper case, decree compensation.

THIS is a bill in equity, brought to redeem certain stocks of the plaintiff, pledged with his assent to the defendants for money loaned to one Russ.

The facts sufficiently appear in the opinion of the court.

*B. C. Bartlett*, for the plaintiff.

*W. B. Small*, for the defendants.

BELLOWS, C. J.    The appearance of the defendants confers jurisdiction, unless it was for the sole purpose of objecting to the authority of the court to proceed.  *March* v. *Eastern Railroad Company*, 40 N. H. 583.  In that case, which was a bill in equity, there was a demurrer, and the first cause assigned was, that the cause of action accrued out of this jurisdiction, that is to say, in Massachusetts.  And secondly, for want of equity.  The court held that, as the appearance was not for the sole purpose of objecting to the authority of the court to proceed, it must be regarded as a general appearance for all purposes, and so confered jurisdiction.

In *Wright* v. *Boynton*, 37 N. H. 19, the court decided that an appearance for the purpose of moving that an action be dismissed for want of service on defendant, an inhabitant of Massachusetts, would not confer jurisdiction.

It is quite obvious, indeed, that an appearance for the sole purpose of excepting to the service or the like, should not be regarded as a waiver of that exception.

In *Wright* v. *Boynton*, the court hold that such an appearance should be understood to be made, on application to the court and leave granted, without prejudice, if the application is unsuccessful.

In *Roberts* v. *Stark*, 47 N. H. 225, it is laid down, that an objection to service is waived when a party, by a general appearance or otherwise, submits any other question, except the sufficiency of service or notice, to the court or other tribunal.  He cannot take the chance of succeeding on any other objection to the case made against him, and

at the same time reserve his exception to service or notice—see cases cited. In that case the counsel for the town filed before the commissioners, at the hearing, an exception to the notice, and also other and distinct exceptions to the prayer of the petition ; and it was held that the objections to the notice must be regarded as waived.

In the case before us, one cause of demurrer is the want of jurisdiction of the parties, and the other is the want of equity, substantially the same as in *March* v. *Eastern Railroad Company*, which we think must govern this case.

On this point, then, the demurrer is overruled.

On the other point,—the want of equity,—it appears that the bill is brought to redeem certain choses in action loaned to one Russ, with authority to pledge them as security for a loan of $3000 for the benefit of said Russ, with the provision that the general property should remain in the plaintiff, who should have the right to redeem the choses in action on payment of the sum loaned, and interest.

That said Russ did pledge said choses in action to the defendants as collateral security for a loan of $3,000, and at the same time informed them of the plaintiff's interest therein ; and the defendants agreed that he should have the right to redeem said securities.

That the plaintiff afterwards tendered to the defendants the amount of money so loaned, with interest, and demanded said securities, which the defendants refused to deliver up, alleging that the defendants have collected the interest on said choses in action, and have since sold them.

The prayer is, that an account be taken of the amount due and secured by said assets, and that, on payment of the amount, the delivery of the same to the plaintiff be decreed ; and for general relief ; the plaintiff bringing into court the amount so tendered for the defendants. This is a bill to redeem, and ordinarily would be the appropriate remedy. The only question is, whether the sale by the defendants of these securities deprives the plaintiff of the remedy in this form.

Upon the facts stated in the bill, the plaintiff, on the payment of the amount due, is entitled as against these defendants to a return of the securities ; and although they may have sold them, they may have it in their power to deliver them to the plaintiff. If that cannot be done, the court would decree compensation to be made by the defendants in some form, as in case of a bill for specific performance of a contract to convey land, when the defendant has disabled himself to convey it. In either case, a bill in equity is an appropriate remedy to establish the right to a return of the securities or to compensation.

*Demurrer overruled.*