Hillsborough, } No. 3989.
Feb. 6, 1951. }

HARRIET S. CLARK *v.* GEORGE L. CLARK.

*J. Francis Roche* (by brief and orally), for the libelant.

*Alvin A. Lucier, John P. Flavin* (of Massachusetts) and *Normand R. Pelletier* (*Mr. Pelletier* orally), for the libelee.

LAMPRON, J. The power to award the custody of a minor child in a divorce proceeding granted the Trial Court by statute (R. L., c. 339, *s.* 15; *Trow* v. *Trow*, 95 N. H. 529) rests in the sound discretion of the Presiding Justice. *Butler* v. *Butler*, 83 N. H. 413, 416; Schouler, Divorce Manual, 441. If there is evidence to support an award thus made by the Trial Court it will not be set aside on appeal, *Kennard* v. *Kennard*, 81 N. H. 509; *Butler* v. *Butler*, *supra; Payette* v. *Payette*, 85 N. H. 297; *Ballou* v. *Ballou*, 95 N. H. 105, 106.

The paramount and controlling consideration upon which the Court's award of custody should be based is the welfare of the children

involved, what "shall be most conducive to their benefit. . . . " R. L., c. 339, s. 15; *Butler* v. *Butler, supra,* 414; *Sheehy* v. *Sheehy,* 88 N. H. 223, 225; *Grover* v. *Grover,* 54 A. (2d) 637 (1947); *Cullotta* v. *Cullotta,* 66 A. (2d) 919 (1949). In arriving at that decision, the Court, in addition to the testimony of the witnesses, evaluated by him as a result of his observation of them, may seek and consider a report on the matter by a probation officer with recommendations. R. L., c. 379, s. 8. However this report with its recommendations is not binding on the Court. The decision is his to make on all the evidence before him.

The welfare of the child being the issue, the Court may, if the child's welfare demands it, award his custody to the parent who is the guilty party as far as the merits of the divorce are concerned (Keezer, Marriage & Divorce (3d *ed.*) 757; *Cf. Salta* v. *Salta,* 80 N. H. 218), even if he may also be in default in complying with an order of the Court for support in the divorce action. The child is not chargeable with the derelictions of his parents. *White* v. *White,* 77 N. H. 26, 30; *Sheehy* v. *Sheehy, supra; Cf. Webster* v. *Webster,* 95 N. H. 416.

Calvin is a nervous child who had to be treated by a psychiatrist. On the doctor's advice he was sent to a private school because he got in trouble with other children when he attended public school. The evidence discloses that the mother, motivated only by her solicitude for the child, had a tendency to let him have his own way. The father on the other hand was more strict. The Court could properly decide in his discretion that the welfare of this child demanded that he be under the supervision and guidance of the steadier hand of his father.

*Exception overruled.*

All concurred.