Hillsborough,
No. 5831.

RITA G. LEMAY.

*v.*

LIONEL A. LEMAY.

Argued October 1, 1968.
Decided October 31, 1968.

*Louis P. Faustini* ( by brief and orally ), for the plaintiff.

*Lemieux & St. Pierre* ( *Mr. Robert A. St. Pierre* orally ), for the defendant.

DUNCAN, J.   The plaintiff's petition for a legal separation upon grounds of extreme cruelty was denied by the Trial Court ( *Loughlin,* J. ), and custody of the two youngest minor children of the parties was awarded to the defendant father. The plaintiff's motion to set aside the decree " as being against the weight of the evidence and the law " was denied subject to exception, and the questions presented by her exception were transferred by the Presiding Justice.

The only issue raised before this court is the validity of the order of custody of the two younger sons of the parties, who were six and nine years of age when the order was entered. At the hearing the father testified that since he worked during the daytime hours, it would be necessary for him to place these children in the care of an orphanage; and at arguments it was stated by counsel that this had been done.

The authority of the Court to make an order of custody of the children of parents who are living apart is well established ( RSA 458:35 ), and may be exercised even though a divorce or separation is denied. *Trow* v. *Trow,* 95 N. H. 529; *Stetson* v. *Stetson,* 103 N. H. 290. See also, *Benjamin* v. *Benjamin,* 99 N. H. 117. The plaintiff urges that because of the tender years of the children, custody should have been granted to her, in preference to the order made which has resulted in their being placed in "impersonal" surroundings, where their contact with their parents is confined largely to week-ends.

It is elementary that custody orders rest in the discretion of the Trial Court, and that "the paramount and controlling consideration" is the welfare of the children involved. *Clark* v. *Clark,* 96 N. H. 443, 444. In the case at bar there was evidence that the mother's employment caused her frequent absence from the home at night, and that the two older children of the parties, aged nineteen and seventeen, had both been in difficulties suggestive of their incompetence to care for their younger brothers in the absence of the parents. It appeared that the nine-year old boy had "learning difficulties" which required special schooling. Much of the testimony related to the plaintiff's conduct as a mother and wife.

The Trial Court could properly find upon the record that the welfare of the children required that they "be under the supervision and guidance of the steadier hand of [their] father," ( *Clark* v. *Clark, supra,* 445 ) as against the supervision and care which they would probably receive if custody were entrusted to the mother. No magic formula exists by which the salvaging of human values can best be attained where a home is divided. Comments, Selected Essays on Family Law, 607, 620. The order made cannot be said to be against the weight of the evidence.

*Exception overruled.*

All concurred.