Strafford,
Nos. 6152.
    6152-a.

BARBARA C. LESTER

*v.*

PAUL F. LESTER

April 5, 1971.

*Clyde R. Coolidge* (by brief and orally), for the plaintiff.

*Calderwood, Silverman & Quellette* and *Stanley J. Mullaney* (*Mr. Mullaney* orally), for the defendant.

PER CURIAM. This is a petition by Barbara C. Lester for custody and visitation rights which after hearing was dismissed. A motion of Paul F. Lester for counsel fees was also denied. Exceptions of the parties were transferred by *Flynn,* J.

This divorce matter has had a long and stormy history, part of which is related in *Lester* v. *Lester*, 109 N.H. 359, 252 A.2d 429 ( 1969 ), in which Barbara C. Lester had sought to vacate the decree of divorce to Paul F. Lester which had been entered more than six years earlier. Mrs. Lester was given custody of the child at the time of the divorce in 1962. She was found in contempt and committed to jail for refusal to comply with the court's orders relating to the father's visitation rights. She was later purged of contempt and released, but the bitterness between the parents continued. The acrimonious relationship of the parents was reported by the probation officer to be affecting the child's emotional well-being even before the divorce had been granted. In 1964 a situation developed involving Mrs. Lester's health which was found by the court to demand a change in custody, and it was awarded temporarily to the father. Since then, Mrs. Lester has been denied rights of visitation, and at the time of the hearing on this motion on November 26, 1969, had not seen her son since March 1964.

At the hearing on this motion, it was contended that Peter's school grades had declined since he left her custody, when in the first grade he received all A's. School teachers testified that he had the ability to do better but school representatives testified that every twelve year old boy has problems and that Peter's problems were not uncommon. The matter was investigated by the New Hampshire Probation Department whose report was before the court at the time of hearing. Based on considerations of the probable effect of enforced visits on Peter, the report recommended that visitation rights be denied so long as Peter was unwilling to see his mother.

The court after hearing the parents and witnesses from Peter's school requested a talk with the boy and stated " and I will be guided pretty much by his desire. " The conference with Peter was held without the parents or their counsel present but was recorded. The record reveals that he is happy with his father and present life but that he did not want to visit or be visited by his mother. His reasons seemed to be based upon the demands upon his free time and memories of what he considered overprotective attitudes of his mother during his early childhood.

The court denied plaintiff's request for both custody and visitation rights, but ordered the Probation Department to pursue the matter of visitations by interviews with Peter every four

months, to report annually as to the interviews but immediately if there was any change in Peter's attitude.

The plaintiff claims that the trial court abused its discretion in denying her visitation rights, especially because of its reliance upon the wishes of the boy. The trial court has wide discretion in matters involving custody and visitation. *Lemay* v. *Lemay*, 109 N.H. 217, 247 A.2d 189 ( 1968 ); *Butler* v. *Butler*, 83 N.H. 413, 143 A. 471 ( 1928 ). Whatever rights parents may have with respect to visitations, they must yield to the best interest and for the good of the child. *Id.*; *Clark* v. *Clark*, 96 N.H. 443, 444, 78 A.2d 525, 526 ( 1951 ); *Lemay* v. *Lemay supra.* " '[ T ]he paramount and controlling consideration' is the welfare of the children involved. " *Id.* at 218, 247 A.2d at 190. We have recently rejected the contention that we should lay down specific guidelines to be followed by trial judges in exercising their discretion with respect to the division of property in divorce proceedings ( *Comer* v. *Comer*, 110 N.H. 505, 272 A.2d 586 ( 1970 ) ), and the same consideration leads us to also reject such a course with respect to custody and visitations.

The plaintiff contends that it was an abuse ·of discretion if the trial judge was guided, as he said he would be, " pretty much by his [ Peter's ] desires. " We would agree that in the absence of other factors, the desires of a twelve year old boy who has not seen his mother since he was seven should not be controlling. Although the desires of a child of that age are important, they may not dictate what is in fact his long - run best interests.

In this case, however, the remark was made by the court after hearing testimony and after considering the probation report referred to above and was no doubt prompted by the court's consideration not for the mere whim of the child but of the effect on his emotional well - being of enforced visitations. We cannot say that on the record and history of this case that the court's action was not warranted.

On November 19, 1970 Paul Lester filed a motion for counsel fees which was denied as a matter of law without hearing subject to exception. The ruling of the court was proper. *Utica Mut. Ins. Co.* v. *Plante*, 106 N.H. 525, 214 A.2d 742 ( 1965 ); *Guay* v. *Association*, 87 N.H. 216, 222, 177 A. 409, 413 ( 1935 ).

*Exceptions overruled.*