Rockingham
No. 6559

SHIRLEY DEL POZZO v. ANTHONY DEL POZZO

August 27, 1973

*John B. Ford* for the plaintiff.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *W. Wright Danenbarger (Mr. Danenbarger* orally) for the defendant.

LAMPRON, J. A divorce was decreed to the plaintiff and custody of the three minor children of the parties, two girls ages 9 and 7, and a boy age 5, was awarded to the mother by *Morris,* J. The defendant's exception to the award of custody is the only issue to be decided on this appeal.

The power to award custody of minor children in a divorce proceeding granted to the trial court by RSA 458:17 rests in the sound discretion of the presiding justice. *Clark v. Clark,* 96 N.H. 443, 78 A.2d 525 (1951). The paramount and controlling consideration is the overall welfare of the children involved. *Lemay v. Lemay,* 109 N.H. 217, 218, 247 A.2d 189, 190

(1968); H. Clark, Law of Domestic Relations § 17.1, at 572 (1968).

Since the particular facts of each case are crucial to the award of custody no foolproof formula can be fashioned by which all such cases can be decided. *Clark supra.* Generally a trial court bases its decision on a wide range of factors. They include the qualifications and fitness of the respective parties; their ability to control and direct the children; the age, sex and health of the children; the environment of the proposed home and its likely influence on the children. 2 W. Nelson, Divorce and Annulment § 15.01, at 213-14 (2d ed. rev. vol. 1961); *see Sheehy v. Sheehy,* 88 N.H. 223, 227-28, 186 A. 1, 5 (1936). In arriving at a decision, the trial court, in addition to evaluating the testimony of the witnesses, may seek and consider a report on the matter by a probation officer with his recommendations. RSA 504:15; *Clark v. Clark,* 96 N.H. 443, 445, 78 A.2d 525, 526 (1951).

The record does not impugn the manner in which the mother cared for the children prior to the separation of the parties. It also shows that the father performed well his duties toward the children during that period. The main arguments advanced against the award of custody to the mother are that she started keeping company in her home with an unmarried man shortly after the separation and that he disciplined the children. She also visited with him in his apartment on different occasions.

The conduct of the parties is a relevant subject of inquiry in custody disputes. Its effect on the ability of the parents to promote the welfare of the children should be considered. H. Clark, Law of Domestic Relations § 17.4 (b), at 585 (1968). Another consideration is the desires of a child as to who should have custody over him. This should be given more or less weight depending upon the age of the child and his ability to form an intelligent judgment.

It is settled in this State that a large measure of discretion must reside in the trial court in this area. *See Ford v. Ford,* 112 N.H. 270, 272, 293 A.2d 605, 606 (1972). This court has not restricted or delimited this discretion when exercised within proper bounds. *Id.; Comer v. Comer,* 110 N.H. 505, 507, 272 A.2d 586, 587 (1970). In view of the ages and sexes of

the children; the recommendation of the probation officer; the testimony relating to the long work hours of the defendant; the importance of preserving the familiar home environment of the children and the other evidence before the trial court, we find no abuse of discretion and the court's decree granting the custody of the children to the plaintiff is affirmed.

*Exception overruled.*

All concurred.