Belknap
No. 7343

DANA S. BEANE, JR.

v.

GILDA E. BEANE

April 30, 1976

*Snierson, Chandler & Copithorne (Mr. Bernard I. Snierson* orally)
for the plaintiff.

*Sanders & McDermott* and *Patricia McKee (Mrs. McKee* orally) for
the defendant.

GRIMES, J. The issues involved in this divorce case concern
whether it should first be remanded for a hearing on a motion for
a new trial and, if not, whether the trial court abused its discretion
in its order of custody and the division of property.

The matter was heard before a Master *(Charles T. Gallagher,*
Esq.) who, after recommending a divorce on the ground of ir-
reconcilable differences, recommended custody of the two minor
boys, 15 and 16 years old, be decreed to the father and that visita-
tion with the mother be governed by the desires of the boys with-
out interference from the father; that the family home including
furnishings be awarded to the defendant, the plaintiff to pay the
mortgage in the regular course, but that if defendant should de-
cide to sell or mortgage the premises, she should pay the then

balance on the mortgage; that the summer home island property be awarded to plaintiff; that a savings certificate in the amount of $27,000 be awarded plaintiff as a fund for the education of the two boys; that the checking account used in plaintiff's business be awarded to him along with some 350 shares of stock; and that plaintiff be ordered to pay $600 per month toward the support of the defendant. The Court *(Keller,* C.J.) entered a decree in accordance with these recommendations and transferred defendant's exceptions.

Thereafter defendant, through new counsel, filed a motion for new trial based on newly discovered evidence, alleged perjured testimony of plaintiff, and accident and mistake of counsel. It is alleged that plaintiff committed perjury by giving his opinion that his accounting business had no value apart from him and that it has been newly discovered that land worth some $41,000 had been purchased in the name of an adult son at the time of the proceedings below and thereafter deeded to the plaintiff.

The parties were married in 1947 and had five sons. Plaintiff, a C.P.A., operates an accounting business in Laconia and employs one of his sons in the business. The defendant received $29,000 in 1971 from a trust fund. Of this, $15,000 was invested in her art business, $7,300 was given to her brother, some $5,000 was used to purchase a car, and the balance has been given away to various charities. She also receives from another trust fund an income for life which varies from year to year, but which in 1971 amounted to $2,475. She apparently had not started to net any return from her art business at the time of trial but she had hopes that it would be successful.

The motion for a new trial raises factual questions for the trial court and, although defendant has briefed and argued the motion here, the factual questions cannot be decided by this court. Nor do we conclude that a remand should be allowed prior to a determination of the merits of the defendant's exceptions. The motion for a new trial can be heard in the trial court thereafter. *Rautenberg v. Munnis,* 107 N.H. 446, 224 A.2d 232 (1966).

We find no abuse of discretion in the decree of the trial court. The master interviewed the minor boys, found them to be mature beyond their years and considered their wishes. His decision not to force them to visit their mother was not an abuse of discretion. It was not unreasonable for him to conclude that reconciliation would more likely be accomplished in this way than by forced visits. The wishes of the mother must yield to the best interest of the

children. *Lester v. Lester,* 111 N.H. 117, 277 A.2d 503 (1971); *Rousseau v. Rousseau,* 116 N.H. 106, 352 A.2d 706 (1976).

Although the husband may have received more than fifty per cent of the property, this does not show an abuse of discretion. The $27,000 savings certificate awarded the plaintiff is subject to a trust for the education of the minor boys and after their education is completed, plaintiff must make a full accounting and divide any balance with defendant. The 350 shares of stock are valued at only about $5,300. Although the $600 monthly allowance might appear to be on the low side considering plaintiff's net income of about $40,000, it is not unreasonable considering defendant's other income and her freedom from mortgage payments and the fact that the husband had the obligation to support the minor children.

*Exceptions overruled; remanded.*

All concurred.