Rockingham
No. 79-132

## MICHAEL E. CHASAN

v.

## ARLENE (CHASAN) MINTZ

December 12, 1979

*Green & Green*, of Manchester (*Leonard S. Green* orally), for the plaintiff.

*Casassa, Mulherrin & Ryan*, of Hampton (*John J. Ryan* orally), for the defendant.

BOIS, J. This is an appeal from the denial of a petition to modify visitation rights. Plaintiff objects to that part of the order which requires the child to be returned to defendant's home for attendance at Sunday religious services. He alleges that the order interferes with his inherent right of visitation and constitutes an abuse of discretion. We disagree.

The parties were divorced in 1975 and defendant was awarded custody of their daughter. Plaintiff was granted visitation rights every other weekend from 10:00 a.m. Saturday until 2:00 p.m. Sunday. Both parties remarried, and in the fall of 1977 the plaintiff sought an enlargement of his visitation rights. After a hearing, the Master (*Nicholas G. Copadis*, Esq.) recommended a modification of the original order as follows:

> Every other weekend from Friday at 5:30 p.m. until Sunday at 6:00 p.m. provided child is returned for religious services Sunday. If the Monday following plaintiff's visitation on a weekend is a holiday, the visitation right is extended until 5 p.m. on Monday.

On March 16, 1978, the Trial Court (*Mullavey*, J.) entered a decree in accordance with the recommendation. No objections were taken. The parties subsequently stipulated to other matters including the sharing of visits during school and summer vacations.

In September 1978, plaintiff again petitioned the court for a modification of the visitation schedule to eliminate the requirement that the child be returned for Sunday religious services. He bases his request on the fact that his relocation increased the travel time between his home and the defendant's from thirty minutes to one hour and thirty minutes. He argues that this requirement deprives him of effective weekend visitations and is an unconstitutional intrusion by the State in placing religious training ahead of parental rights.

Following a hearing on October 26, 1978, the same master recommended that plaintiff's motion for further modification of visitation rights be denied. An order in accordance therewith was entered by *Mullavey*, J., who reserved and transferred all questions of law.

The record indicates that the child is presently enrolled in religious sessions which are held on Sunday mornings from 9:30 a.m. to 12:00 noon, an average of three times per month. Plaintiff claims that they must leave for the school at about 7:45 a.m., and asserts that if they return to his home after the session, they are left with only two-and-one-half hours together before they must return to defendant's home.

He claims that the period of the religious session and travel time combined total more than nine hours in which the child is away from plaintiff's home. Plaintiff argues that this schedule precludes meaningful Sunday activities with the child. Defendant counters that she and her family must also make sacrifices to accommodate the child's attendance at the school and plaintiff's visitation rights.

Both parties fully support the child's religious training in the Jewish faith. The proper inquiry, therefore, is not whether the master ordered religious upbringing in a specific faith, but whether the requirement that the child be returned Sunday mornings substantially interferes with plaintiff's visitation rights. The only issue we must consider is whether plaintiff's relocation constitutes such a change of circumstances as to warrant a modification of the visitation order.

 This court has long recognized the principle that a trial court has wide discretion in divorce matters relating to alimony and custody and that we will not disturb its determination if it could reasonably be made. *Starkeson v. Starkeson*, 119 N.H. 78, 80, 397 A.2d 1043, 1045 (1979); *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 437, 309 A.2d 151, 153 (1973). This discretion is not unlimited, however, and the findings of the trial court will be set aside if the record clearly demonstrates an abuse of discretion. *Mangin v. Mangin*, 115 N.H. 489, 490, 343 A.2d 636, 636–37 (1975).

 A court must seek primarily to promote the child's welfare when considering matters of custody and visitation. *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973); *see Starkeson v. Starkeson*, 119 N.H. 78, 397 A.2d 1043 (1979); RSA 458:7-a (Supp. 1977). "Visitation by the parent denied custody is an important right but one that must yield to the greatest good of the child." *Houde v. Beckmeyer*, 116 N.H. 719, 721, 366 A.2d 504, 506 (1976). The welfare of the child often requires that the parent who does not have custody of the child be granted liberal visitation rights so that the child will not be estranged from the parent. *See generally* 24 AM. JUR. 2d, *Divorce and Separation* § 801, at 910 (1966); *Starkeson v. Starkeson*, *supra* (Douglas, J., dissenting). It is within this legal context that we review the current visitation schedule.

The record discloses that subsequent to the March 1978 hearing, the original visitation order was enlarged both by the master's recommendation and by stipulation of the parties. Presumably this was done to accommodate the plaintiff who testified that he knew he was about to relocate and would be faced with additional travel time

on the visitation weekends that coincided with the religious services. Neither party excepted to the new schedule as approved by the court. Within six months the plaintiff again seeks a modification based on a "change in the circumstances of where the plaintiff has lived."

As we stated in *Starkeson* "[i]t would serve no useful purpose to review in any greater detail the evidence in the case. . . . The master [twice] heard the testimony and saw the parties. It is not for us to make the determination in custody [visitation] matters, but rather to decide whether the determination made by the trial court can be upheld." 119 N.H. at 80, 397 A.2d at 1045.

On the record before us we cannot say as a matter of law that the court abused its discretion or that its determination could not reasonably have been made.

*Exceptions overruled.*

KING, J., did not sit; the others concurred.