Rockingham
No. 79-171

RICHARD MOREL

v.

ROXANNE (MOREL) MARABLE

March 13, 1980

*Romprey, Beaumont & Mason,* of Salem (*William R. Mason* orally), for the plaintiff.

*Richard L. Russman,* of Exeter, by brief and orally, for the defendant.

BROCK, J.  This appeal involves the modification of the child custody provisions of a divorce decree. The Superior Court (*Mullavey,* J.) approved the Master's (*Nicholas G. Copadis,* Esq.)

report, which recommended that the plaintiff's petition for modification of custody be approved. The defendant's exceptions were then transferred to this court. We affirm.

The parties were married in New Hampshire in 1971. On May 7, 1974, they were granted a divorce by the Superior Court of New Hampshire. Custody of the parties' minor children was awarded to the defendant, who was living in Haverhill, Massachusetts.

On June 12, 1978, the plaintiff filed a petition for modification, requesting that he be awarded custody of the children. At that time, the plaintiff, a United States Marine, was residing in North Carolina and the defendant was residing in Massachusetts. Service was made on the defendant, and her attorney entered a special appearance and filed a motion to dismiss; alleging that New Hampshire had no jurisdiction over the defendant. On July 27, 1978, the master ruled that New Hampshire retained continuing jurisdiction over the parties since their divorce had been obtained here and recommended denial of the motion to dismiss. The Superior Court (*Loughlin*, J.) approved the master's recommendation. No appeal on the jurisdictional issue was then taken.

On February 28, 1979, a hearing on the merits was held before the master. The defendant renewed her motion to dismiss on jurisdictional grounds. The master denied the motion, ruling this time that the defendant had waived her jurisdictional objection by failing to appeal the earlier decision on the matter, which had gone to judgment on the first Tuesday of August, 1978. The defendant excepted, and following the hearing the master recommended that the plaintiff's request for custody of the minor children be granted and the superior court approved the recommendation.

On this appeal, the defendant first argues that she did not waive her right to contest jurisdiction by failing to appeal the original denial of her motion to dismiss. As support for this contention, she relies upon *State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977) and *Arsenault v. Willis*, 117 N.H. 980, 380 A.2d 264 (1977), as indicating this court's policy that such piecemeal litigation is improper. Defendant's reliance on these cases is misplaced, however, because neither involved the question of jurisdiction of the court. When a claim is made that the court has no jurisdiction to act, it is essential that that issue be fully litigated before the case continues. "The issue of jurisdiction is not only

separate but also preliminary, and reasonable procedure demands that it be finally decided before other issues of the litigation are reached." *Maryland Casualty Co. v. Martin*, 88 N.H. 346, 348, 189 A. 162, 164 (1937). In the present case, more than six months passed between the original denial of defendant's motion to dismiss and the hearing on the merits. By failing to pursue a timely appeal on the issue and proceeding to a hearing on the merits, with all parties present, defendant effectively waived her objection to the court's exercise of jurisdiction over her. This has long been the rule in this State when jurisdiction is in dispute, *Patten v. Patten*, 79 N.H. 388, 109 A. 415 (1920); *Merrill v. Houghton*, 51 N.H. 61, 62 (1871) and has been reaffirmed in recent years. *Jewett v. Jewett*, 112 N.H. 341, 296 A.2d 11 (1972).

■ The defendant's final argument goes to the sufficiency of the evidence and the legal standard employed by the master in granting the plaintiff's petition for a change in custody. It cannot seriously be contended that the master employed an improper standard. He found that "the circumstances affecting the welfare of the children have been so greatly altered [that] there is a strong possibility that the children will be harmed if permitted to remain with the defendant." This language closely parallels the standard set forth in *Perreault v. Cook*, 114 N.H. 440, 443, 322 A.2d 610, 612 (1974). We will not reverse such a finding unless it was clearly unreasonable. *See Hille v. Hille*, 116 N.H. 109, 352 A.2d 703 (1976). In the context of the standard to be applied in modification of custody cases, we cannot say such a finding was clearly unreasonable on the record before us. "If there is evidence to support the trial court, it will not be disturbed on appeal. *Houde v. Beckmeyer*, 116 N.H. 719, 721–22, 366 A.2d 504, 506 (1976).

■ There was evidence before the master indicating that the defendant had been convicted of various drug charges since her divorce and that her present husband is alleged to have murdered another man, in her presence, in her apartment. Evidence was also presented which indicated that the children's clothes smelled of marijuana, that the defendant saw nothing wrong in smoking marijuana and that the children were often dressed in "rags." Under these circumstances, we cannot say the master's finding was clearly unreasonable.

*Defendant's exceptions overruled.*

All concurred.