Hillsborough
No. 81-109

ARTHUR R. SURPRENANT

v.

SHARON M. (SURPRENANT) LAPORTE

April 7, 1982

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■

*George J. Basbanes* and *Francis A. Gaimari*, of Lowell, Massachusetts (*Mr. Basbanes* on the brief and orally), for the plaintiff.

*Joseph C. Krolikowski*, of Nashua, by brief and orally, for the defendant.

BATCHELDER, J. This case presents the question whether the Master (*Henry P. Sullivan*, Esq.) applied the standard required by *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974), for determining whether there should be a change of child custody. We affirm.

The parties were divorced on February 3, 1974, and the defendant-mother was given custody of their children. Both parties have since remarried. On January 14, 1980, an ex-parte order awarded temporary custody of the children to the plaintiff-father, who alleged that the children had been abused by their stepbrothers, who then resided in the defendant's home. After a January 21, 1980, contested hearing, the temporary order was continued. The plaintiff's motion for a modification of the original decree was granted after a final hearing on September 28, 1980, and he was given permanent custody of the children on October 9, 1980. The defendant filed a motion on October 10, 1980, to inform the court of a change in circumstances, but her motion for a rehearing was denied. She then appealed to this court, which remanded the case for another hearing.

Pursuant to that remand, a hearing was held by the master on February 12, 1981, to reopen the September hearing and to consider newly discovered evidence, and the defendant's motion to dismiss the modification of the divorce decree. The Superior Court (*Cann*, J.), on recommendation of the master, denied the motion, and the defendant appealed.

The standard to be used in a change of custody proceeding is set forth in *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974). "[A] custody award should not be disturbed unless the moving party demonstrates that the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement." *Id.* at 443, 322 A.2d at 612. The master's recommendation concluded that a retention of custody by the

mother would not be in the best interests of the children and further, that the "harm" to which they had been exposed had not been sufficiently eliminated by the change in the defendant's circumstances. Because the narrative of the master's report found facts that were consistent with the *Perreault* standard, *see Heinze v. Heinze*, 122 N.H. 358, 362, 444 A.2d 559, 562 (1982); *R. J. Berke & Co. v. J. P. Griffin, Inc.*, 116 N.H. 760, 767, 367 A.2d 583, 588 (1976), we affirm. *See Morel v. Marable*, 120 N.H. 192, 194, 412 A.2d 747, 748 (1980).

*Affirmed.*

All concurred.