Hillsborough
No. 82-120

PATRICIA (SULLIVAN) PERREAULT

v.

RICHARD SULLIVAN

October 5, 1983

*Michael R. Chamberlain*, of Manchester, by brief and orally, for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Wilfred J. Desmarais* and *Karen L. Heller* on the brief, and *Mr. Desmarais* orally), for the defendant.

BATCHELDER, J.   This appeal presents the question whether the Master (*Peter Bourque*, Esq.) correctly applied the standard required by *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974) for the modification of a child custody decree. We affirm.

The parties were divorced on September 20, 1976, and the defendant, Richard Sullivan, was awarded sole custody of their two

minor children. On March 24, 1980, the defendant filed a petition requesting that the plaintiff be ordered to pay child support. In her answer to the defendant's petition, the plaintiff asked for a change in custody. A hearing was held before the master, whose subsequent recommendation, that the plaintiff's request for a change of custody be denied, was accepted on January 6, 1982, by the Superior Court (*Bean*, J.). The only issue on appeal is whether the trial court's decision was unreasonable or contrary to the evidence, or constituted an abuse of discretion.

■■■ In a case involving the modification of a custody decree, the best interests of the children are always the paramount and controlling concern. *Forde v. Sommers*, 117 N.H. 356, 360, 373 A.2d 358, 360 (1977). However, recognizing the correlation between the stability of family relationships and the healthy psychological development of children, the court has placed a heavy burden on the party desiring a change in a decree awarding sole custody. *Perreault v. Cook*, *supra* at 443, 322 A.2d at 612. The moving party must establish that "the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement." *Id.* We find that the trial court, in its application of this standard to the evidence before it, did not abuse its discretion.

■■■ Child custody decisions are primarily the province of the trial court, and we will not disturb the trial court's determination unless it is clearly unreasonable, *Morel v. Marable*, 120 N.H. 192, 194, 412 A.2d 747, 748 (1980), or not supported by the evidence, *Houde v. Beckmeyer*, 116 N.H. 719, 721–22, 366 A.2d 504, 506 (1976). Although there was disputed evidence as to the defendant's alleged drinking and propensity for violence, and the effect of such conduct on the children, we cannot say that the trial court's determination was clearly unreasonable or unsupported by the evidence.

■■■ Additionally, the trial court properly considered the preferences of the children and the recommendation of the guardian ad litem. While both of these should be considered in the application of the *Perreault* standard, neither controls the outcome. *See Del Pozzo, v. Del Pozzo*, 113 N.H. 436, 309 A.2d 151 (1973).

*Affirmed.*

SOUTER, J., did not sit; the others concurred.