Hillsborough
No. 84-091

VALERIE RICHARDS

v.

ROBERT RICHARDS

July 31, 1984

*Kris E. Durmer*, of Nashua, by brief and orally, for the plaintiff.

*Soule, Leslie, Bronstein & Zelin*, of Salem (*Robert P. Leslie* on the brief and orally), for the defendant.

BROCK, J.   In this appeal, the plaintiff, Valerie Richards, alleges that the Trial Court (*Dalianis*, J.) erred in approving a master's recommendation and ordering a modification of custody of the parties' two minor children using a standard other than that set forth in *Perreault v. Cook*, 114 N.H. 440, 322 A.2d 610 (1974). Because we conclude that the Master's (*Alice S. Love*, Esq.) reasoning was consistent with the reasoning of *Perreault v. Cook supra*, and because we find no abuse of discretion, we affirm.

In April 1982, each party filed a libel for divorce alleging irreconcilable differences. In May 1982, the superior court made a temporary order which included allowing both parties to continue to reside at the family residence in Bedford with the couple's two sons, ages thirteen and eight at the time. In the final divorce decree issued in November 1982, the trial court incorporated the parties' agreement that they share joint legal custody, that physical custody be placed with the plaintiff, and that the defendant, Robert Richards, be awarded liberal visitation rights. Shortly  thereafter, the defendant vacated the family home.

In January 1983, the plaintiff filed a motion for contempt, alleging, among other things, that the defendant had refused to return the children to her custody after the Christmas holidays. The defendant filed a cross-motion to modify custody. A hearing on both motions was held before a master in September 1983. It is only the court's action with respect to the cross-motion that is relevant to this appeal. The superior court approved the master's recommendation that the final custody order be modified by changing physical custody of the children from the plaintiff to the defendant. The order of modification was stayed pending appeal and until the defendant has established a residence for the children within their present school district. The plaintiff then filed this appeal.

The evidence supports the master's determination that both parties are fit parents. There is little doubt that the preference of the

children was a significant factor underlying the recommendation that custody should be modified. We are asked to review the order for modification of custody which was made despite the master's statement, expressed in her written recommendation to grant the defendant's request for modification, that the evidence presented at the hearing failed to meet the *Perreault* standard.

In *Perreault v. Cook*, the court stated that "[t]he relationship established by the custody award should not be disturbed unless the moving party demonstrates that the circumstances affecting the welfare of the child have been so greatly altered that there is a strong possibility the child will be harmed if he continues to live under the present arrangement." *Id.* at 443, 322 A.2d at 612.

It is undisputed that the boys have always expressed a strong preference to live with the defendant. From the reports of the guardian ad litem and the psychologist which she retained, it appears that this preference may be partly the result of the boys' having made the plaintiff the target of their anger and confusion over the break-up of the family unit. Although the boys' preference to live with their father has remained constant, the master's conclusion that nothing has changed since the final decree incorporating the parties' agreement on custody, if intended to encompass circumstances beyond this preference, was in error. It was only after the final decree that the boys experienced living in the family home without the presence of their father.

Ordinarily it would be inappropriate to point to the final decree itself as a change in circumstance, but the case at bar involved the unusual circumstance of both parties remaining in the family residence during the period of the temporary order. The children therefore did not have the opportunity before the final decree to deal with the separation and the reality of the divorce which is what usually occurs when parties first separate under or prior to a temporary order. It was only after the final decree that the boys began to experience living as part of a divorced family.

As stated in *Perreault*, the alteration in circumstances must be such that "there is a strong possibility the child will be harmed if he continues to live under the present arrangement." *Id.* at 443, 322 A.2d at 612. Underlying our pronouncement of the standard was, and is, the concern for the welfare of the child and the recognition of the importance of stable family relationships to the healthy psychological development of children. *Id.; see also Perreault v. Sullivan,* 124 N.H. 40, 42, 466 A.2d 937, 938 (1983). We conclude that the decision to modify custody was consistent with the rationale of *Per-*

*reault v. Cook. See Surprenant v. LaPorte,* 122 N.H. 347, 349, 444 A.2d 552, 553 (1982).

The guardian ad litem testified at the hearing before the master that, in making her original recommendation that the children be placed in the physical custody of the plaintiff, she had anticipated that the boys' animosity toward their mother would lessen and that these abated feelings would override their continuing desire to live with their father. The report of the psychologist, filed with the court, indicated that placement with either parent could likely result in further estrangement between the plaintiff and at least the older boy. The children have received some counseling over the course of a year, which has failed to erase the negative feelings that they hold toward their mother.

However, during the summer of 1983, the defendant was granted an extended period of visitation during which the boys lived with him in Massachusetts for more than five weeks, and the guardian ad litem testified that when she saw the children after this period she noticed a lessening of hostility toward their mother. The guardian ad litem made no recommendation as to custody in her written report submitted to the court at the time of the modification hearing. However, in answer to a question, posed by the defendant's counsel, the guardian ad litem testified that in her opinion the benefits to the children to be gained by placing them with the defendant presently outweighed any risk of emotional or psychological disorientation which might result from a change in custody (*see Hille v. Hille,* 116 N.H. 109, 112, 352 A.2d 703, 706 (1976)), and that, based on her knowledge and primarily considering the strength of the views of the children, placement with the defendant would be appropriate.

Based upon this evidence, we can find no abuse of discretion in ordering the modification of physical custody. Given the strong and continuing preference of the children to live with their father, the change in physical custody is unlikely to produce the loss of a sense of security, the confusion of emotions and the disruption of the child's growth as an individual which can accompany a "shuffling" of a child between parents, concern for which underlay our decision in *Perreault. Perreault v. Cook,* 114 N.H. at 443, 322 A.2d at 612; *see Hille v. Hille,* 116 N.H. at 111, 352 A.2d at 705 ("courts should not 'be so ready to modify custody orders that the child will be disturbed and upset by the repeated changes'" (quoting H. CLARK, JR., LAW OF DOMESTIC RELATIONS § 17.7 (1968))). Moreover, the fact that the children's hostility toward their mother decreased after the extended visitation with their father supports the master's view that the

change in custody might have the additional salutary effect of re-establishing the bond between the plaintiff and the children.

■ The preference of a child as to his physical custody deserves consideration. *Perreault v. Sullivan*, 124 N.H. at 42, 466 A.2d at 938; *see Provencal v. Provencal*, 122 N.H. 793, 799, 451 A.2d 374, 378 (1982) (initial custody determination); *Del Pozzo v. Del Pozzo*, 113 N.H. 436, 437, 309 A.2d 151, 153 (1973) (initial custody determination); 3 C. DOUGLAS, NEW HAMPSHIRE PRACTICE, FAMILY LAW § 235 (1982); *cf.* RSA 463:14 (a minor above the age of 14 may elect any person for his guardian).

We wish to make clear that parties to domestic litigation should not be encouraged by the result in this case to campaign for their child's stated preference. We caution the courts to scrutinize closely any influences underlying a child's stated preference. The master's report in the present case indicates that she gave due consideration to the factors influencing the children. We cannot say, based upon the age, intelligence and maturity of the children as gleaned from the record, that the weight given their preference by the master was either unwarranted or unreasonable.

We stress that the case before us presented unusual circumstances and that we do not intend by this decision to dilute the standard set forth in *Perreault v. Cook supra*, or the heavy burden of persuasion it imposes on the party seeking a modification. *See Howard v. Howard*, 124 N.H. 267, 272, 469 A.2d 1318, 1321 (1983); *Houde v. Beckmeyer*, 116 N.H. 719, 721, 366 A.2d 504, 506 (1976). Joint legal custody continues unchanged. *Cf. Sanborn v. Sanborn*, 123 N.H. 740, 746, 465 A.2d 888, 892 (1983).

*Affirmed.*

All concurred.